**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180188-U

Order filed August 19, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0188 Circuit No. 09-CF-334 |
| | ) | |
| NEIL ACKERMAN, | ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Carter and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The court erred by denying defendant leave to file a successive postconviction petition.

¶ 2     Defendant, Neil Ackerman, appeals from the Will County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues the court erroneously denied his motion because it established sufficient cause and prejudice to permit the filing of a successive postconviction petition. We reverse.

¶ 3                                   I. BACKGROUND

¶ 4      At the outset, we note that we have previously described the facts of defendant's trial in his prior appeals. *People v. Ackerman*, 2011 IL App (3d) 091057-U; and *People v. Ackerman*, 2014 IL App (3d) 120585. The facts are limited to those necessary to make a finding on whether the court properly denied defendant's motion for leave to file a successive postconviction petition.

¶ 5      On January 23, 2009, while in custody of the Will County jail for a charge of domestic battery, the jail placed defendant in a two-person cell with Milton Bass. Bass testified that he and defendant had a conversation where defendant offered to pay Bass to kill Deanna Musilek, defendant's ex-girlfriend. Bass testified that he considered defendant's proposition but ultimately decided against it. On January 24, 2009, Bass wrote a note to jail staff, which indicated that he wanted to talk to a detective about defendant's murder for hire request. On January 26, 2009, Bass spoke with Sergeant Bridget Graham and Detective Jack Ellingham separately. Bass provided a list written by defendant of Musilek's place of employment, a rehabilitation center she used, and her current boyfriend's address and phone number. On February 10, 2009, Bass wore a wire to audio record his conversation with defendant.

¶ 6      Sergeant Graham testified that while working in the Will County jail, she received written notification from Bass reporting that defendant had asked Bass "to kill someone for him." She testified that the note reflected the date it was written as January 24, 2009. On January 26, 2009, Graham spoke to Bass about his allegation.

¶ 7      Detective Ellington testified that on January 26, 2009, he spoke with Bass after Graham notified him of the allegation. During this conversation, Bass showed him the list written by defendant with Musilek's information. Later, Ellington equipped Bass with an audio recording

2

device. He testified that the device began recording on February 10, 2009. The State charged defendant with solicitation of murder for hire on February 11, 2009. 720 ILCS 5-1.2 (West 2008).

¶ 8 Following a guilty verdict by a jury, the court sentenced defendant to 30 years' imprisonment. On direct appeal, we affirmed defendant's conviction and vacated defendant's $200 DNA fee. *Ackerman*, 2011 IL App (3d) 091057-U, ¶ 31.

¶ 9 On May 14, 2012, defendant filed a postconviction petition as a self-represented litigant. Defendant alleged the court denied him conflict-free counsel due to defense counsel's supervisor having had previously worked in the state's attorney's office. He argued that because this supervisor was involved in obtaining the authorization for an overhear to record defendant's conversation with Bass there was a conflict of interest and a claim of ineffective assistance. The court dismissed defendant's petition, and we affirmed that decision on appeal. *Ackerman*, 2014 IL App (3d) 120585, ¶ 33.

¶ 10 On January 16, 2018, defendant filed a motion for leave to file a successive postconviction petition. First, the motion alleged that defendant acquired new evidence in the form of a Law Enforcement Agency Data System (LEADS) report. Defendant obtained this report through a Freedom of Information Act (5 ILCS 140/1 *et seq*. (West 2018)) (FOIA) request to the Illinois State Police. The LEADS report included several sections, specifically, one labeled "States Attorney Section." Listed under this section was the charge of "Solicitation For Murder" with the filing decision, "NOT FILED." The corresponding date for this entry is January 23, 2009.

¶ 11 Defendant argued that the entry for solicitation for murder on January 23, 2009, showed that the State sought to charge him before Bass wrote his note to authorities on January 24, 2009.

Defendant reasoned that this documentation showed the State recruited Bass to entrap defendant in a murder for hire plot. Relying on the LEADS report, he argued that the State's witnesses provided fabricated testimony at trial. Further, he argued that the false testimony violated defendant's right to due process by affecting the jury's verdict. Defendant argued that the evidence withheld was favorable to him and should have been disclosed. He concluded that withholding this document amounted to a violation by the State of the rule prescribed in *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

¶ 12 The court denied defendant's motion for leave to file a successive postconviction petition, finding that defendant's allegations did not meet the cause and prejudice test for the newly discovered evidence. Defendant appeals.

¶ 13 II. ANALYSIS

¶ 14 Defendant argues the circuit court erred by denying his motion for leave to file a successive postconviction petition. Defendant contends that his petition alleged sufficient cause and prejudice to justify leave to file. Specifically, the State violated *Brady* when it did not disclose a LEADS report that showed a charge against defendant for solicitation of murder. See *Brady*, 373 U.S. 83, 87. The report indicated that the State chose not to file the charge on January 23, 2009. Defendant discovered this document through a FOIA request, and the exclusion of this document from the disclosure of discovery prejudiced defendant because it included evidence of a possible defense and impeachment. Upon review, we conclude that defendant established the requisite cause and prejudice to justify granting leave to file a successive postconviction petition.

¶ 15 The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) contemplates the filing of a single postconviction petition. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). A

claim is waived if not raised in the original or an amended petition. 725 ILCS 5/122-3 (West 2016). However, this waiver rule will be relaxed when fundamental fairness requires it and where a defendant establishes cause and prejudice for his failure to bring the claim in a prior petition. *Ortiz*, 235 Ill. 2d at 329. We take all well-pled factual allegations and supporting evidence as true. *People v. Sander*s, 2016 IL 118123, ¶ 33. To meet the cause and prejudice test for a successive petition defendant must "submit enough in the way of documentation to allow a circuit court to make that determination." *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010).

¶ 16        "A defendant's *pro se* motion for leave to file a successive postconviction petition will meet the *** cause and prejudice requirement if the motion adequately alleges facts demonstrating cause and prejudice." *People v. Smith*, 2014 IL 115946, ¶ 34. Cause is an objective factor external to the defendant that impeded counsel's efforts to raise the claim in a prior proceeding. 725 ILCS 5/122-1(f)(1) (West 2006). The defendant must also show prejudice: the claimed error "so infected the entire trial that the resulting conviction or sentence violates due process." *People v. Pitsonbarger*, 205 Ill 2d 205, 464 (West 2001).

¶ 17        "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." See *Id.* at 463; see also *Smith*, 2014 IL 115946, ¶ 35. The review for leave to file a successive postconviction petition "Is a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24. The screening requires the court to determine whether defendant has made a *prima facie* showing of cause and prejudice. See i*d*. If the court

finds defendant established a *prima facie* case, the court will grant leave to file the petition. See *id.* We review *de novo* the court's ruling on the defendant's motion for leave. *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010).

¶ 18    Defendant's motion for leave to file a successive postconviction petition adequately alleged facts demonstrating cause. The State concedes defendant satisfied the cause requirement for a successive postconviction petition, because, defendant did not receive the attached documents until years after his original postconviction petition by way of a FOIA request. Therefore, he could not have made the allegations in his original petition without such documentation.

¶ 19    Turning to the issue of prejudice, the State argues that defendant has not met the prejudice requirement to allow a postconviction petition to proceed to the second stage. The State contends that the untendered LEADS report failed to support prejudice. Specifically, the *Brady* violation alleged by defendant is insufficient evidence of prejudice and wholly unreasonable.

¶ 20    At trial, Bass testified that he met defendant when they shared a jail cell on January 23, 2009. Beginning on January 23, 2009, Bass had conversations with defendant where defendant offered to pay Bass to kill his ex-girlfriend. On January 24, 2009, Bass notified authorities of defendant's request. On January 26, 2009, two officers spoke to Bass about his allegation. On February 10, 2009, Bass wore a wire and audio recorded his conversations with defendant.

¶ 21    In comparison, under the "States Attorney Section" in the LEADS report there is a solicitation for murder charge with the title "NOT FILED" and listed decision date of January 23, 2009. The LEADS report shows the State pursued a charge against defendant for solicitation of murder on January 23, 2009 and declined to prosecute. The discrepancy between

6

the testified date of January 24, 2009, and the date listed in the LEADS report of January 23, 2009, could be used to discredit the State's witnesses.

¶ 22     Assuming these allegations to be true, defendant adequately alleged facts to demonstrate both cause and prejudice. See *Smith,* 2014 IL 115946, ¶ 34. Defendant provided sufficient documentation to the court to support the finding of a *prima facie* showing that the absence of the LEADS report prejudiced him. The discrepancy between the trial testimony and the LEADS report could have been used to obtain evidence supporting defendant's theory of the case and the impeachment of the State's witnesses. There is no evidence in the record to rebut defendant's claims. See *Pitsonbarge*r at 464; see also *Smith* ¶ 37. The evidence is material and sufficient to undermine the confidence in the verdict. See *People v. Beaman*, 229 Ill. 2d 56, 74 (2008).

¶ 23     Therefore, the court erred when it denied defendant leave to file his successive postconviction petition. See *Pitsonbarger*, 205 Ill. 2d at 463; *Smith,* 2014 IL 115946 ¶ 35.

¶ 24                                III. CONCLUSION

¶ 25     The judgment of the circuit court of Will County is reversed.

¶ 26     Reversed.