2021 IL App (1st) 181256-U

FOURTH DIVISION
February 18, 2021

No. 1-18-1256

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 00 CR 18398 |
| ALANN VEGA, | ) ) | |
| Petitioner-Appellant. | ) ) ) | Honorable William Raines, Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming the denial of defendant's motion for leave to file a successive
postconviction petition where his argument on appeal was not presented to the
circuit court resulting in the forfeiture of that argument.

¶ 2    Defendant Alann Vega, age 16 at the time of the offense, was convicted in a jury trial of

first degree murder arising out of a shooting that occurred on July 8, 2000.  He is serving a

sentence of 35 years' imprisonment.  In 2017, he sought leave from the circuit court to file a

successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). He contended, since he was only 16 years old at the time of the offense, his sentence violated the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because it constituted a *de facto* life sentence. The circuit court found that defendant had failed to establish the prejudice necessary to justify the filing of a successive petition for postconviction relief, and therefore it denied defendant leave to do so. While defendant admits on appeal that his sentence is "technically not itself an unconstitutional *de facto* life sentence," he maintains it is still unconstitutional in light of *People v. Buffer*, 2019 IL 122327. For the following reasons, we affirm.

¶ 3                                 BACKGROUND

¶ 4     As the issue on appeal is limited, we discuss only those facts relevant to the discussion herein.

¶ 5     Defendant's conviction arose from the fatal shooting of Antonio Mosier on July 8, 2000. Neighborhood residents, including a schoolmate of defendant's, testified they witnessed defendant fire a weapon out of an automobile in the direction of Mosier, killing him. A jury found him guilty of first degree murder and the trial court sentenced him to a term of 35 years' imprisonment.

¶ 6     Defendant appealed his conviction to this court arguing the evidence was insufficient to establish his guilt beyond a reasonable doubt. This court rejected his argument and affirmed the conviction. *People v. Vega*, No. 1-10-0225 (Jan. 22, 2003) (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 7     On July 22, 2003, defendant filed a petition under the Act wherein he alleged his trial

counsel was ineffective for: (1) failing to object to a jury instruction; (2) failing to object to the court's acceptance of an inconsistent verdict; (3) failing to object to perjured testimony; (4) failing to file a motion to quash arrest; and (5) failing to call an expert witness on street gangs. The circuit court summarily dismissed the petition as frivolous and patently without merit. Defendant appealed and this court affirmed the dismissal. *People v. Vega*, No. 1-01-0108 (Dec. 30, 2005) (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 8    On August 15, 2017, defendant moved for leave to file his successive postconviction petition. This petition alleged that the circuit court should vacate his sentence and order a new sentencing hearing because his 35-year sentence is unconstitutional under the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. Specifically, defendant alleged that his 35-year sentence is a *de facto* life sentence where (1) he will be released at age 51 and the life expectancy of an inmate incarcerated as a juvenile is 50 years old and (2) the trial court failed to consider his youth and its attendant circumstances as required by *Miller v. Alabama*, 567 U.S. 460, and its progeny prior to sentencing him.

¶ 9    The trial court denied defendant leave to file his successive postconviction petition. In its written order, the trial court explained that, while *Miller*'s substantive new rule constitutes cause, defendant failed to establish prejudice as defendant's 35-year sentence did not amount to a *de facto* life sentence and therefore the new protections elucidated by *Miller* and its progeny did not apply to defendant. This appeal followed.

¶ 10                              ANALYSIS

¶ 11    Defendant claims that the circuit court erred in denying him leave to file his successive postconviction petition pursuant to the Act. Specifically, defendant contends that the circuit

court's denial of leave to file his petition was in error because he was sentenced to 35 years' imprisonment for a murder, which he committed at the age of 16 and there is a very reasonable probability that he would have received a shorter sentence if the trial court had the benefit of *Buffer*'s interpretation of the eighth amendment as it applies to the punishment of juvenile offenders. Defendant asserts that *Buffer* changed the maximum number of years to which he could have been sentenced from 60 to 40 years and had the trial court had the benefit of *Buffer* it would have imposed a shorter sentence.

¶ 12                              Successive Petition

¶ 13    The Act provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Eddmonds*, 143 Ill. 2d 501, 510 (1991). The Act contemplates the filing of only one postconviction petition and "expressly provides that any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived." *People v. Guerrero*, 2012 IL 112020, ¶ 15; 725 ILCS 5/122-3 (West 2016).

¶ 14    Still, a defendant may file a successive postconviction petition where the proceedings on the initial petition were fundamentally deficient. *People v. Flores*, 153 Ill. 2d 264, 273-74 (1992). In filing a successive postconviction petition, a defendant "faces immense procedural default hurdles" (*People v. Davis*, 2014 IL 115595, ¶ 14), and must first obtain leave of court (*People v. Tidwell*, 236 Ill. 2d 150, 157 (2010); 725 ILCS 5/122-1(f) (West 2016)).

¶ 15    A circuit court may grant a defendant leave to file a successive postconviction petition if he "demonstrates cause for his failure to bring the claim in his or her initial postconviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2016); *Tidwell*, 236 Ill. 2d at 152. Cause is demonstrated if a defendant identifies "an objective factor that

impeded his *** ability to raise a specific claim during his *** initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2016). Prejudice can be demonstrated if "the claim not raised during *** initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016). A defendant bears the burden of establishing both cause and prejudice. *People v. Sutherland*, 2013 IL App (1st) 113072, ¶ 16. "[A] defendant's *pro se* motion for leave to file a successive postconviction petition will meet the section 122-1(f) cause and prejudice requirement if the motion adequately alleges facts demonstrating cause and prejudice." *People v. Smith*, 2014 IL 115946, ¶ 34. "To meet the cause-and-prejudice test for a successive petition requires the defendant to submit 'enough in the way of documentation to allow a circuit court to make that determination.' " [Citation.] *Id.* ¶ 35. "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petition fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings. [Citations.]" *Id.*

¶ 16                                  Standard of Review

¶ 17     We review the circuit court's order denying defendant leave to file his successive postconviction petition under the *de novo* standard. *People v. Gillespie*, 407 Ill. App. 3d 113, 124 (2010).

¶ 18                                    Forfeiture

¶ 19     We initially address the State's argument that defendant's argument on appeal is limited to those presented in his petition below. According to the State, we should disregard defendant's argument that *Buffer* altered the sentencing range for murder committed by a juvenile and that if

the trial court had been able to apply *Buffer* during its sentencing of defendant it would have led the court to impose a lesser sentence.

¶ 20     In his motion for leave to file a successive postconviction petition—as well as within the petition itself—defendant argued that his 35-year sentence constituted a *de facto* life sentence and because the trial court did not consider his youth and its attendant circumstances when sentencing him as required by *Miller*, he established the requisite prejudice.  Indeed, our supreme court did not decide *Buffer* until 2019 and therefore the circuit court—which issued its ruling in April 2018—could not have considered defendant's claims in light of *Buffer*.  See *Buffer*, 2019 IL 122327.  Now, on appeal, defendant has abandoned the arguments set forth in his motion and instead acknowledges that under *Buffer* defendant's 35-year sentence "is technically not itself an unconstitutional *de facto* life sentence."  Defendant now asserts that *Buffer* essentially changed the sentencing requirements for juveniles making it so that the sentencing range for a juvenile defendant is a maximum of 40 years.  As this argument could never have been presented to the circuit court, we find that it is inappropriate for our review at this time.  As our supreme court made clear in *People v. Jones*, 213 Ill. 2d 498, 508 (2005), the appellate court lacks supervisory authority to consider issues not raised initially in a postconviction petition.  We therefore decline to address this argument on its merits.  See *People v. Johnson*, 2020 IL App (1st) 152310, ¶ 27; *People v. LaPointe*, 365 Ill. App. 3d 914, 922 (2006) (where a defendant does not raise claims on appeal that he included in his motion for leave to file a successive postconviction petition, he waives them, and they will not be considered).  As a result of defendant's failure to raise any argument with respect to the claims that he did assert in his postconviction petition, we conclude he has forfeited any argument that the circuit court erred in dismissing his petition.  Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 21    We observe, however, that *Jones* also explained: "This holding does not leave a postconviction petitioner such as defendant entirely without recourse.  A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the cause and prejudice test." *Jones*, 213 Ill. 2d at 508 (brackets and internal quotation marks omitted).

¶ 22                              CONCLUSION

¶ 23    For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.