**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190286-U

Order filed April 5, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0286 Circuit No. 06-CF-545 |
| | ) | |
| WILLIE F. JOHNSON, | ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not err in denying defendant leave to file a successive postconviction petition.

¶ 2    Defendant, Willie F. Johnson, appeals from the Will County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues the court erroneously denied his motion, because he sufficiently established cause and prejudice to permit the filing of a successive postconviction petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        After a jury trial, defendant was found guilty of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)) for incidents between September 2003 and September 2004, when defendant was approximately 21 years old. The court sentenced him to consecutive sentences of 15 years' imprisonment for each count on November 21, 2006. Defendant was 24 years old.

¶ 5        Defendant appealed, arguing that the evidence was insufficient to find him guilty beyond a reasonable doubt. This court affirmed defendant's convictions. *People v. Johnson*, No. 3-06-0904 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        On February 27, 2009, defendant filed, as a self-represented litigant, a postconviction petition arguing ineffective assistance of trial and appellate counsel. The circuit court dismissed the petition as frivolous and patently without merit. Defendant appealed but later moved to dismiss the appeal, which this court granted. *People v. Johnson*, No. 3-09-0323 (2010) (unpublished minute order).

¶ 7        On October 24, 2011, defendant filed a petition for relief from judgment pursuant to section 2-1401(c) of the Code of Civil Procedure. 735 ILCS 5/2-1401(c) (West 2010). The State filed a motion to dismiss, which the court granted. Defendant did not appeal the dismissal.

¶ 8        On September 13, 2013, defendant filed a motion for leave to file a successive postconviction petition. In his motion, defendant argued he was denied his right to effective assistance of counsel and there was newly discovered evidence to prove his actual innocence. The circuit court denied defendant's motion, finding defendant had not met his burden to show cause and prejudice necessary to file a successive postconviction petition. Defendant appealed, and this court affirmed. *People v. Johnson*, 2015 IL App (3d) 130912-U.

¶ 9 Defendant filed a second motion for leave to file a successive postconviction petition on January 28, 2019. The proposed successive petition contained the claim that the court failed to consider his intellectual disability during sentencing. Defendant argued that the cause for failure to bring this claim in his first petition is that his intellectual disability made him unaware of the claim, and that he was prejudiced because his convictions and sentences violated his due process rights. An affidavit signed by defendant was also filed, along with medical reports from 2001 and 2002 describing defendant's mental health treatment history.

¶ 10 In denying defendant's motion, the court found that the exhibits defendant provided were outdated and did not support any claim of intellectual disability. The court stated that it considered all this information at sentencing, as it was contained in defendant's presentence investigation report. Further, the court held that defendant waived his claim, because he did not raise it on direct appeal or in his initial postconviction petition.

¶ 11                                   II. ANALYSIS

¶ 12 On appeal, defendant argues that the circuit court erred in denying his motion for leave to file a successive petition, because it alleged sufficient cause and prejudice to justify granting leave.

¶ 13 The Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2018)) contemplates the filing of only one postconviction petition. *People v. Edwards*, 2012 IL 111711, ¶ 22. Any claim not raised in the original petition is waived. 725 ILCS 5/122-3 (West 2018). A defendant may obtain leave of court to file a successive postconviction petition if he can show both cause and prejudice for his failure to raise the claim earlier. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). "Cause" is defined as an "objective factor external to the defense that impeded counsel's efforts to raise the claim in an earlier proceeding," and "prejudice" exists where the petitioner

3

can show that the alleged constitutional error so infected his trial that the resulting conviction violated due process. *People v. Davis*, 2014 IL 115595, ¶ 14. A defendant has the burden to obtain leave of court and also "must submit enough in the way of documentation to allow a circuit court to make that determination." *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010).

¶ 14      As stated in his motion for leave to file a successive petition, defendant believes he established cause because his intellectual disability prevented him from raising the claim in his initial petition. However, a defendant's "failure to recognize his claim cannot be an objective factor external to the defense that prevents one from bringing the claim in defendant's initial postconviction petition." *People v. Jellis*, 2016 IL App (3d) 130779, ¶ 26. Additionally, the exhibits defendant provided in support of his cause allegation fail to support his claim. These exhibits established defendant's mental health from over 15 years before he filed the motion for leave. Defendant provided no exhibits to establish that he suffered from an intellectual disability during the intervening years that prevented him from raising his proposed successive claims. Therefore, defendant has failed to allege the cause needed for leave to file a successive postconviction petition.

¶ 15      Defendant also argues that he established cause because he could not have brought his claims until after *People v. Harris*, 2018 IL 121932 and *People v. House*, 2019 IL App (1st) 110580-B were decided. However, neither *Harris* nor *House* resolves the intellectual disability issue raised by defendant in his successive postconviction petition. In *Harris*, 2018 IL 121932, ¶ 56, the supreme court found the eighth amendment of the United States Constitution, which prohibits the imposition of cruel and unusual punishment, did not prohibit the imposition of a 76-year sentence on a young adult. Similarly, in *House*, 2019 IL App (1st) 110580-B, ¶ 65 (reversed in part, vacated in part, and remanded by *People v. House*, 2021 IL 125124), the first district

4

considered whether the proportionate penalties clause of the Illinois Constitution prohibited the imposition of a mandatory natural life sentence on a young adult convicted of murder and aggravated kidnapping under a theory of accountability.

¶ 16     Moreover, defendant cannot rely on *Harris* and *House* to argue that a lengthy sentence should not be imposed on a young adult offender suffering from an intellectual disability because the Illinois Supreme Court has determined that a natural life sentence imposed on an intellectually disabled adult is not a constitutional violation. See *People v. Coty*, 2020 IL 123972, ¶¶ 39-45. More problematic for defendant is that he did not receive a life or *de facto* life sentence. See *People v. Buffer*, 2019 IL 122327, ¶ 41 (holding that a prison sentence of less than 40 years does not create a *de facto* life sentence that could create a proportionate penalty violation). Therefore, the constitutional challenges raised in *Harris*, *House*, and *Coty*, would not be available to defendant. Accordingly, we conclude that defendant did not establish cause or prejudice, and the court did not err in denying defendant leave to file a successive postconviction petition.

¶ 17     Finally, defendant argues that at sentencing, the circuit court did not consider his age when he committed the offense. However, defendant has forfeited review of this issue because he raises it for the first time in this appeal. See *People Jones*, 213 Ill. 2d 498, 508-09 (2004) (a defendant may not raise an issue for the first time on appeal and must bring it in a successive postconviction petition); *People v. Tenner*, 206 Ill. 2d 381, 392 (2002) (any claim not raised in defendant's initial postconviction is waived). Therefore, we decline to address this forfeited argument.

¶ 18                                    III. CONCLUSION

¶ 19     The judgment of the circuit court of Will County is affirmed.

¶ 20        Affirmed.