**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200437-U

Order filed June 30, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-20-0437 and 3-20-0487 Circuit No. 05-CF-176 |
| CHRIST E. WALKER, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant did not establish cause and prejudice to warrant leave to file his successive postconviction petition.

¶ 2    Defendant, Christ E. Walker, appeals from the Kankakee County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues the court erroneously denied his motion because it established sufficient cause and prejudice to permit the filing of a successive postconviction petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Following a jury trial, defendant was convicted of first degree murder (720 ILCS 5/9-

1(a)(1), (a)(2) (West 2004)), attempted first degree murder (*id.* § 8-4(a), 9-1(a)(1)), two counts of

aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), aggravated unlawful use of a weapon

(AUUW) (*id.* § 24-1.6(a)(1), (a)(3)(A)), and aggravated assault (*id.* § 12-2(a)(6)).

¶ 5          The evidence at trial established that on the night of March 26, 2005, defendant and

Dwayne Cooks engaged in an argument at a bar. The next day, defendant and his friend Michael

Johnson drove to Cooks's apartment and saw Cooks standing outside. Defendant and Johnson

fired their guns at Cooks. Officer Eddie Perez was patrolling the area and observed defendant

firing his gun at Cooks. Perez activated his emergency lights, causing Johnson to turn in his

direction. Johnson fired his gun toward Perez and fled the scene with defendant. Perez eventually

apprehended defendant, Johnson, and another individual who was in the vehicle. Cooks died

from his gunshot wound. Defendant was 23 years old at the time of the offense.

¶ 6          At sentencing, the court sentenced defendant to 49 years' imprisonment for first degree

murder, 20 years' imprisonment for attempted murder, 10 years' imprisonment for aggravated

discharge of a firearm, and 5 years' imprisonment for AUUW. Defendant's sentence for first

degree murder was ordered to run consecutive to attempted murder, and the remaining sentences

were ordered to run concurrently to the murder sentence. The aggregate sentence was 69 years'

imprisonment.

¶ 7          On direct appeal, this court affirmed defendant's convictions and sentences. *People v.*

*Walker*, 386 Ill. App. 3d 1025 (2008). Defendant filed several unsuccessful postconviction

petitions that were also affirmed by this court. *People v. Walker*, No. 3-10-0077 (2010)

(unpublished order under Illinois Supreme Court Rule 23); *People v. Walker*, No. 3-11-0100

(2011) (unpublished minute order); *People v. Walker*, No. 3-11-0642 (2013) (unpublished dispositional order). Defendant also appealed the denial of his second motion for leave to file a successive postconviction petition, and this court ordered the circuit court to vacate defendant's AUUW conviction and sentence. *People v. Walker*, No. 3-14-0022 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Defendant also filed a petition under section 2-1401 in January 2015, that he voluntarily moved to dismiss on May 30, 2019. See 735 ILCS 5/2-1401 (West 2014).

¶ 8        On June 28, 2019, defendant filed his third motion for leave to file a successive postconviction petition. In his motion and proposed petition, defendant alleged that the State failed to prove every element of attempted first degree murder under the accountability theory, the State committed a *Brady* violation by suppressing an audio recording he could have used to impeach Perez at trial, and the circuit court did not provide the jury with the proper jury instruction regarding the gun enhancement for the murder charge. In arguing that there was a *Brady* violation, defendant alleged that the State failed to disclose an audio recording of Perez in which he told dispatch "I think they are shooting at me." At trial, Perez testified that Johnson shot at him. Defendant argued that the State failed to disclose the recording to him, and he could have used it to impeach Perez at trial. He further stated that he did not learn of the recording until speaking to his codefendant after trial.

¶ 9        On December 24, 2019, defendant filed "Motion to Request Leave to File *Pro-Se* Supplemental Petition to Successive Post-Conviction Petition." In defendant's "supplement" to his petition, defendant claimed that his *de facto* life sentence was unconstitutional due to the recent decision in *People v. House*, 2019 IL App (1st) 110580-B.

¶ 10        On July 24, 2020, the circuit court denied defendant's motion for leave to file a successive petition. In denying the motion, the court found that defendant's motion was frivolous and was presented for no other purpose than to harass the court and cause needless litigation. The court assessed a $75 fee against defendant to cover the actual court costs in entertaining the motion. The court's order did not mention defendant's December 24, 2019, supplement.

¶ 11        On August 4, 2020, the court received a letter from defendant stating that "there wasn't any paperwork regarding 'a notice of appeal' however the defendant do [wish] to file for 'a notice of appeal' but there is another Part of that Petition that the Judge did not make a decision on, that Petition was File[d] in December of 2019." Defendant filed a notice of appeal on October 8, 2020, when he noticed no activity in his case after his initial request to appeal. On October 23, the court entered the following minute order:

> "The court is [in] receipt of the defendant's letter dated August 1, 2020 regarding his supplemental petition filed 12/24/19. The *de facto* life sentence applies to juveniles 17 and under. The defendant was 22 or 23 at the time of the offense, and therefore the motion is denied. Defendant's motion to waive the court fees are also denied. The defendant['s] motion to file a notice of appeal is granted as to the memorandum of decision filed July 24, 2020, the denied [*sic*] of his supplemental motion and denial of waiving court fees. Clerk to file a notice of appeal on behalf of the defendant. Appellate defender is appointed. Clerk to notify."

¶ 12        The circuit clerk filed a notice of appeal the same day stating that defendant was appealing the July 24, 2020, and October 23, 2020, orders.

¶ 13                                II. ANALYSIS

¶ 14 Defendant argues that the circuit court erroneously denied him leave to file a successive postconviction petition and supplemental petition. Specifically, defendant contends that his motion for leave to file a successive postconviction petition sufficiently alleged cause and prejudice, because he did not learn of a possible *Brady* violation until after his trial and the case law regarding life sentences for juveniles and emerging adults is new law that did not emerge until after his conviction.

¶ 15 A. Jurisdiction

¶ 16 At the outset, we must determine whether we have jurisdiction to consider this case as the notice of appeal was untimely. Defendant argues that we have jurisdiction because the late filing of the notice of appeal was the clerk's fault and not his own. Defendant notes that he told the court through his letter that he wanted to appeal less than two weeks after his motion was denied, well before the deadline to file a notice of appeal in his case.

¶ 17 A notice of appeal must be filed within 30 days from the entry of final judgment. Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021). Although the notice of appeal in this case was not filed within 30 days of the July 24, 2020, order, it is clear from the record that defendant sought to perfect an appeal within 30 days of that order. His August 2020 letter requesting an appeal and the notice of appeal form should have been treated as a petition for leave to appeal within the contemplation of Rule 606(c). The supreme court has held that "once a defendant in a criminal matter requests an appeal the duty of filing the notice of appeal is upon the clerk of the trial court." *People v. Sanders*, 40 IL. 2d 458, 461 (1968). However, here the court did not order the clerk to file a notice of appeal or make any findings on defendant's motion to supplement his petition, until nearly three months after receiving defendant's request to appeal. It was reasonable for defendant to rely on the court to direct the filing of a timely notice of appeal. The failure of the court to

5

order the clerk to file a notice of appeal should not operate to preclude defendant's appeal. Because we find that defendant asked to appeal within the time frame and the court failed to order the clerk to file the notice of appeal on time, we find that we have jurisdiction to consider this case.

¶ 18                    B. Successive Postconviction Petition

¶ 19        The Post-Conviction Hearing Act (Act) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2018). The Act contemplates the filing of a single postconviction petition, and the defendant must obtain leave of court to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶¶ 42-43; 725 ILCS 5/122-1(f) (West 2018). To obtain leave, the defendant must allege either: (1) "cause and prejudice for the failure to assert a postconviction claim in an earlier proceeding"; or (2) "a fundamental miscarriage of justice based on actual innocence." *Robinson*, 2020 IL 123849, ¶ 42. "Cause" is defined as an "objective factor external to the defense that impeded counsel's efforts to raise the claim in an earlier proceeding," and "prejudice" exists where the petitioner can show that the alleged constitutional error so infected his trial that the resulting conviction violated due process. *People v. Davis*, 2014 IL 115595, ¶ 14. A defendant has the burden to obtain leave of court and "must submit enough in the way of documentation to allow a circuit court to make that determination." *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010). We review *de novo* the circuit court's ruling on defendant's motion for leave. *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010).

¶ 20        Defendant argues the court erred in denying his motion for leave to file a successive postconviction petition because he established cause and prejudice. Specifically, he contends that

6

he established cause for failing to raise a claim under *Miller v. Alabama*, 567 U.S. 460 (2012), in a prior proceeding because the case law surrounding sentencing requirements for juveniles and emerging adults was still evolving. See *People v. Reyes*, 2016 IL 119271, ¶¶ 7-8 (holding *Miller* extends to consider youth and attendant characteristics before imposing a *de facto* life sentence); *People v. Buffer*, 2019 IL 122327, ¶ 41 (holding that sentences above 40 years were *de facto* life sentences). Defendant also argues that he established prejudice because he was 23 years old when he committed the offenses and was sentenced to a *de facto* life sentence. See *Buffer*, 2019 IL 122327, ¶ 42.

¶ 21    Defendant cites to the First District's decision in *House*, 2019 IL App (1st) 110580-B, which extended the *Miller* protections to a young adult offender. Since defendant filed his brief, our supreme court has issued its own opinion in *House*. See *People v. House*, 2021 IL 125124. In *House*, the defendant, who was 19 years old at the time of his offense, argued in his postconviction petition that his mandatory life sentence violated the proportionate penalties provision of the Illinois Constitution. *Id.* ¶ 7; Ill. Const. 1970, art. I, § 11. The defendant appealed after the circuit court dismissed his petition, and the appellate court vacated the life sentence and remanded the case for resentencing, finding that the sentence violated the Illinois proportionate penalties provision. *House*, 2021 IL 125124, ¶ 7. Our supreme court reversed the appellate court's ruling, finding that "no evidentiary hearing was held, and the trial court made no factual findings critical to determining whether the science concerning juvenile maturity and brain development applies equally to young adults, or to petitioner specifically." *Id.* ¶ 29. The supreme court remanded the case to the circuit court for second-stage postconviction proceedings. *Id.* ¶ 32.

¶ 22    Here, defendant cites to various scientific studies on brain development, but has not provided any evidence regarding how the studies cited specifically apply to him and his own brain development at the time he committed the offenses. Although defendant cites *House* in support for remand, there is a significant distinction regarding the instant case and *House*: the defendant in *House* was under the age of 21. Defendant has not cited any case law finding that a 23-year-old defendant has shown prejudice for filing a successive postconviction petition based on a *Miller* argument. As other courts have noted, there is no support for extending the juvenile protections set forth in *Miller* to young adults over the age of 21. See, *e.g.*, *People v. Suggs*, 2020 IL App (2d) 170632, ¶¶ 33-35; *People v. Humphrey*, 2020 IL App (1st) 172837, ¶¶ 33-34; *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 1.

¶ 23    Several recent cases have addressed *Miller* claims made by defendants over 21 years old, specifically finding that the case law should not be extended. For instance, in *Humphrey*, the reviewing court observed that the defendant could not point to any case law where an Illinois court recognized that a *de facto* life sentence imposed on a young adult over 21 years old was unconstitutional as applied under the proportionate penalties clause. *Humphrey*, 2020 IL App (1st) 172837, ¶¶ 33-34. "While 21 is undoubtedly somewhat arbitrary, drawing a line there is in keeping with other aspects of criminal law and society's current general recognition that 21 is considered the beginning of adulthood." *Id.* ¶ 34. Further, "[w]hile it seems but a short step to extend the *** line of cases to an 18-year-old offender, it is a much greater leap to extend it to a 21-year-old, and an even greater leap to apply it to a 23-year-old, such as defendant." *Suggs*, 2020 IL App (2d) 170632, ¶ 35. We therefore find that defendant has failed to show prejudice, and the circuit court did not err in denying his successive postconviction petition.

¶ 24    Defendant next contends the circuit court erred in denying his petition because he established cause and prejudice to further his claim that the State committed a *Brady* violation by failing to disclose evidence that he could have used to impeach Perez at trial. The decision in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) holds that a defendant's due process rights are violated when the State fails to disclose evidence that could be favorable to the defendant and is material to guilt or punishment. To succeed on a *Brady* claim, defendant must establish that any undisclosed evidence was favorable to him because it was impeaching or exculpatory, the evidence was withheld by the State, and the defendant was prejudiced by the evidence being withheld because it was material to his guilt or punishment. *People v. Beaman*, 229 Ill. 2d 56, 73-74 (2008). "Evidence is material if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed." *People v. Jarrett*, 399 Ill. App. 3d 715, 728 (2010). A reasonable probability of a different result means a "probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

¶ 25    In this case, it is apparent that defendant cannot establish prejudice from the State's purported *Brady* violation, because his claim is clearly without merit. Here, defendant asserts that the State's alleged failure to disclose an audio recording of Perez speaking to dispatch at the time of the offense prejudiced him, because defendant could have used the recording to impeach Perez at trial. Taking the allegation that the State failed to disclose this evidence as true, this evidence is not material under *Brady*. Specifically, defendant fails to show that, had the evidence of Perez's statement to dispatch been disclosed, the result of the proceeding would have been different. Defendant fails to establish how Perez's statement to dispatch would have helped his

9

case or how the result of the proceedings would have been any different had this information been known and made available to defendant during trial.

¶ 26    As the evidence purportedly withheld is not material, the *Brady* claim is without merit. In turn, defendant cannot show the requisite prejudice to bring a successive postconviction petition. Accordingly, the circuit court correctly denied defendant leave to file a successive petition.

¶ 27                                C. Fee Assessment

¶ 28    Defendant also challenges the assessment of fees and costs by the court in the July 24, 2020, order. The court assessed a $75 fee against defendant under section 22-105(a) of the Code of Civil Procedure for filing what the court believed to be a frivolous successive postconviction petition. See 735 ILCS 5/22-105(a) (West 2020). As we have determined defendant's claims have no merit, we decline to reverse the circuit court's order.

¶ 29                                III. CONCLUSION

¶ 30    The judgment of the circuit court of Kankakee County is affirmed.

¶ 31    Affirmed.