2026 IL App (1st) 240175-U

SIXTH DIVISION

June 26, 2026

Nos. 1-24-0175 & 1-24-0796 (Cons.)

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04CR14422 |
| SEAN ROSE, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Patrick Coughlin, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court's denial of petitioner's motions for leave to file successive post-conviction petitions is affirmed where petitioner failed to establish prejudice under the cause-and-prejudice test, and his actual innocence claim rested on a new legal theory rather than newly discovered evidence.

¶ 2    Petitioner Sean Rose appeals from the circuit court's orders denying him leave to file successive post-conviction petitions. Rose contends that, considering *People v. Guy*, 2025 IL 129967, his conviction for attempted first degree murder is legally inconsistent with the jury's verdict finding him guilty of second degree murder based on an unreasonable belief in the need for self-defense. He further argues the jury was improperly instructed regarding the mental state required for attempted first degree murder. For the foregoing reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4    At trial, the evidence established that on May 10, 2004, Rose shot and killed Antoine Burnette and shot and injured Prentis Rogers. Rogers testified that he, Burnette, and Rose spent the day together drinking alcohol, smoking cannabis, and driving around in Burnette's vehicle. After returning to Burnette's residence, the three men remained in the vehicle. Rogers stated no argument occurred. As Rogers turned toward Rose, he observed Rose produce a firearm and shoot Burnette. Rogers attempted to flee but was shot in the shoulder.

¶ 5    Rose testified that an argument arose regarding who would drive Rogers home. According to Rose, the argument became physical. Rose stated that Burnette leaned forward and reached beneath his seat. Believing Burnette was reaching for a firearm and fearing for his safety, Rose drew his own firearm and shot. Rose further stated that after exiting the vehicle he observed Rogers moving and believed Rogers was attempting to retrieve a weapon, prompting him to fire additional shots.

¶ 6    Christopher Nalls, an eyewitness who was outside the vehicle, testified he heard raised voices and several gunshots. Nalls observed a man exit the vehicle, run toward another vehicle, return and fire additional shots into or toward Burnette's vehicle.

¶ 7   At the jury instruction conference, defense counsel tendered two nonpattern instructions concerning self-defense. The circuit court refused the proposed instructions. The jury was instructed on first degree murder, second degree murder based upon an unreasonable belief in the need for self-defense, the justified use of force, and attempted first degree murder. The attempted first degree murder instructions required the jury to find that Rose, with the intent to kill an individual and without lawful justification, performed a substantial step toward the commission of that offense.

¶ 8   The jury found Rose guilty of second degree murder for the death of Burnette and guilty of attempted first degree murder for the shooting of Rogers. The court sentenced Rose to 20 years' imprisonment for second degree murder and a consecutive term of 25 years' imprisonment for attempted first degree murder.

¶ 9   On direct appeal, this court affirmed Rose's convictions and sentences. *People v. Rose*, 384 Ill. App. 3d 1089-U (2008). On February 23, 2010, Rose filed a *pro se* post-conviction petition alleging, among other claims, that trial counsel was ineffective for failing to request self-defense instructions applicable to both the murder and attempted murder charges. The circuit court dismissed the petition at the second stage of proceedings, and this court affirmed.

¶ 10   On September 14, 2023, Rose sought leave to file a successive post-conviction petition. Relying primarily on *People v. Guy*, 2023 IL App (3d) 210423, Rose asserted that his conviction for attempted first degree murder was legally inconsistent with the jury's verdict finding him guilty of second degree murder based upon an unreasonable belief in the need for self-defense. He also argued the jury was improperly instructed regarding the mental state required for attempted first degree murder. The circuit court denied leave to file the petition.

¶ 11    On January 3, 2024, Rose filed a second motion for leave to file a successive post-conviction petition. Rose again challenged the attempted first degree murder conviction based on allegedly inconsistent verdicts and improper jury instructions and asserted that prior post-conviction counsel provided unreasonable assistance by failing to adequately present those claims. The circuit court denied leave to file the petition, finding Rose had failed to establish cause and prejudice and that his claims lacked merit. Rose timely filed a notice of appeal, and this court subsequently consolidated the appeals. This appeal followed.

¶ 12                                    JURISDICTION

¶ 13    The circuit court denied Rose leave to file his first successive post-conviction petition on November 16, 2023. Rose filed a timely notice of appeal on December 15, 2023, initiating appeal No. 1-24-0175. The court denied Rose leave to file his second successive petition on February 5, 2024. Rose filed a second timely notice of appeal, initiating appeal No. 1-24-0796. This court consolidated the appeals on July 15, 2025. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 14                                    ANALYSIS

¶ 15    Rose contends the circuit court erred in denying him leave to file both of his successive post-conviction petitions where, considering *People v. Guy*, 2025 IL 129967, he established his conviction for attempted first degree murder is legally inconsistent with the jury's verdict finding him guilty of second degree murder based on an unreasonable belief in the need for self-defense. He further argues the jury was improperly instructed regarding the mental state required for attempted first degree murder.

4

¶ 16    The Post-Conviction Hearing Act ("the Act") contemplates the filing of only one post-conviction petition. *People v. Edwards*, 2012 IL 111711, ¶ 22. Accordingly, a defendant seeking leave to file a successive petition must first obtain leave of court. *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). The bar to successive post-conviction proceedings will be relaxed only where the petitioner demonstrates both cause and prejudice for the failure to raise the claim in an earlier proceeding, or actual innocence under the "fundamental miscarriage of justice" exception. *Edwards*, 2012 IL 111711, ¶ 22; *People v. Smith,* 2014 IL 115946, ¶ 30.

¶ 17    To demonstrate cause, a defendant must identify an objective factor external to the defense that impeded his ability to raise the claim during initial post-conviction proceedings. 725 ILCS 5/122-1(f) (West 2024). To establish prejudice, a defendant must show the alleged error so infected the proceedings the resulting conviction or sentence constituted a denial of due process. *People v. Wrice*, 2012 IL 111860, ¶ 48. The burden rests on the petitioner to make a *prima facie* showing of both cause and prejudice to obtain leave before further proceedings on his claims. *People v. Bailey*, 2017 IL 121450, ¶ 24.

¶ 18    All well-pleaded facts set forth in the petition, together with any supporting documentation, must be construed liberally in favor of the defendant. *People v. Robinson*, 2020 IL 123849, ¶ 44. The parties' prior arguments, and any forfeiture of those arguments, operates as a limitation on the parties and not this court. *People v. Ratliff*, 2024 IL 129356, ¶ 26. Whether a petitioner's pleadings satisfy the cause-and-prejudice test for leave to file a successive petition is a question we review *de novo*. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002).

¶ 19    Here, Rose's first successive petition asserted actual innocence, but the claim fails because a freestanding actual innocence claim requires newly discovered, material, noncumulative evidence that would likely change the result on retrial. *People v. Edwards*, 2012 IL 111711, ¶ 24.

Rose did not present new evidence. Rather, he relied on *Guy* as a new legal theory concerning the effect of the jury's verdicts and instructions. A new legal theory is not newly discovered evidence. *People v. Taliani*, 2021 IL 125891, ¶ 70. Accordingly, the circuit court did not err in denying leave to file the first successive petition on that basis.

¶ 20    As to Rose's second successive petition, even if Rose could establish cause based upon subsequent developments in the law or prior counsel's alleged failure to fully develop these claims, he cannot establish prejudice. Rose bears the burden of making a *prima facie* showing that the alleged constitutional error so infected the proceedings that his conviction violated due process. See 725 ILCS 5/122-1(f) (West 2024); *Wrice*, 2012 IL 111860, ¶ 48. *Guy* does not compel the conclusion that Rose's attempted first degree murder conviction is legally inconsistent with the jury's second degree murder verdict, nor does it establish that any instructional deficiency affected the result of the proceedings under the facts of this case. Accordingly, Rose cannot satisfy the cause-and-prejudice test necessary to obtain leave to file a successive post-conviction petition. *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 21    Rose principally relies on *Guy*, in which our supreme court held that attempted first degree murder requires proof that a defendant intended to kill without lawful justification. *Guy*, 2025 IL 129967, ¶ 46. The court further concluded that where a jury finds a defendant acted under an unreasonable belief in the need for self-defense, that finding may be incompatible with a conviction for attempted first degree murder arising from the same continuous course of conduct because the defendant necessarily possessed a subjective belief that the use of force was justified. *Id.* ¶¶ 46-53.

¶ 22    This case is materially distinguishable from *Guy*. In *Guy*, the parties agreed that the defendant's mental state remained unchanged throughout the shooting. *Id.* ¶¶ 69-71. But here,

Rose was convicted of second degree murder for the death of Burnette and attempted first degree murder for the shooting of Rogers, a separate victim. The record reflects that, after initial shots were fired, a witness observed a man exit the vehicle, run toward another vehicle, return, and fire additional shots. Rose likewise testified that he exited the vehicle and fired additional shots after observing Rogers move. Thus, unlike *Guy*, the record does not require the conclusion that Rose acted under a single uninterrupted belief in the need for self defense throughout the entire encounter. Nor does the jury's second degree murder verdict necessarily establish that Rose possessed the same subjective belief in the need for self-defense throughout all of his subsequent conduct involving Rogers.

¶ 23   The jury's verdict finding Rose guilty of second degree murder likewise does not compel reversal of his attempted first degree murder conviction. The second degree murder verdict establishes only that the jury found Rose possessed an unreasonable belief in the need to use deadly force when he shot Burnette. That finding did not necessarily resolve Rose's mental state at the time he fired the subsequent shots involving Rogers. Because the evidence allowed the jury to distinguish between Rose's conduct toward the two victims, the verdicts are not irreconcilably inconsistent under the circumstances presented here. Unlike *Guy*, the verdicts here can be reconciled without contradiction.

¶ 24   *Guy* also does not entitle Rose to relief based upon the attempted first degree murder instructions given at trial. Rose argues the instructions improperly separated the phrase "without lawful justification" from the intent element of attempted first degree murder. Even assuming the instruction would be deficient under *Guy*, Rose must still make a *prima facie* showing of prejudice to obtain leave to file a successive petition. *Guy* did not hold that every instructional error of this nature requires reversal regardless of the procedural posture or the evidence presented. Because

7

Rose has failed to establish that any alleged instructional deficiency so infected the proceedings that his conviction violated due process, he has not established prejudice. *Pitsonbarger*, 205 Ill. 2d 444, 464 (2002).

¶ 25    Because Rose failed to make a *prima facie* showing of prejudice, we affirm the circuit court's judgments denying him leave to file successive postconviction petitions.

¶ 26                                CONCLUSION

¶ 27    For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 28    Affirmed.