Docket No. 108133.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

———————

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
CLEOTHER TIDWELL, Appellant.

*Opinion filed January 22, 2010.*

JUSTICE KARMEIER delivered the judgment of the court, with
opinion.
Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride,
Garman, and Burke concurred in the judgment and opinion.

**OPINION**

At issue in this appeal is whether a motion or request is required
to obtain a ruling allowing or denying leave to file a successive
postconviction petition under section 122–1(f) of the Post-Conviction
Hearing Act (Act) 725 ILCS 5/122–1(f) (West 2006)), and whether
a ruling rendered in the absence of a motion or request is subject to
review in the appellate court. We hold that the circuit court is not
obliged to rule in the absence of a motion or request, but that it may
do so where documents submitted by a defendant supply an adequate
basis for a ruling on the threshold cause-and-prejudice question, and
when the circuit court has ruled, its determination is subject to review
in the appellate court.

## STATUTE INVOLVED

Section 122–1(f) of the Act provides in pertinent part as follows:

"Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS5/122–1(f) (West 2006).

## BACKGROUND

In 1994, following a jury trial in the circuit court of Cook County, defendant, Cleother Tidwell, was convicted of attempted first degree murder and aggravated battery with a firearm. He was sentenced to an extended term of 55 years' imprisonment. On direct appeal, defendant argued that the trial court erroneously failed to give a jury instruction on reckless conduct and that his sentence was excessive. The appellate court rejected those contentions. *People v. Tidwell*, No. 1–94–2655 (1995) (unpublished order under Supreme Court Rule 23).

On May 6, 1996, defendant filed a *pro se* postconviction petition, alleging, in part, that trial counsel had rendered ineffective assistance with regard to a reckless conduct defense and instruction thereon. The appellate court affirmed the circuit court's summary dismissal of defendant's petition after granting the public defender's motion for leave to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987). *People v. Tidwell*, No. 1–96–3101 (1997) (unpublished order under Supreme Court Rule 23).

On December 20, 2006, the successive *pro se* postconviction petition in this matter was received by the circuit clerk. Therein, defendant alleged, *inter alia*, that *People v. Novak*, 163 Ill. 2d 93, 112-13 (1994), cited on direct appeal to support the trial court's denial of an instruction on reckless conduct under the charging instrument approach, had been overruled by this court's decision in *People v. Kolton*, 219 Ill. 2d 353, 364, 367 (2006). In that case, this court held that an offense may be considered a lesser-included offense even if every element of the lesser offense is not explicitly contained in the indictment as long as the missing element can be reasonably

inferred. On the basis of *Kolston*'s reasoning, defendant claimed that an instruction on reckless conduct as a lesser-included offense of attempted murder should have been tendered at trial.

Though no motion accompanied the petition, and defendant made no express request for leave to file same, the circuit court nonetheless considered the allegations of defendant's petition as they bore upon the threshold issue of cause and prejudice, and ultimately issued a thorough six-page order, concluding that defendant had failed to satisfy the cause-and-prejudice test. The circuit court noted:

> "In petitioner's case, he was charged with attempted first degree murder for shooting the victim with intent to kill and with aggravated battery for shooting her intentionally and knowingly. Reckless conduct is defined as consciously disregarding a risk. 'It is not defined in the charging instrument and thus under *Novak*, defendant was not entitled to an instruction on it.' [Order at 4, quoting from the appellate court's 1995 Order.]

> * * *

> In petitioner's case, the charging instrument does not explicitly define consciously disregarding a risk, per *Novak*. However, that mental state cannot be reasonably inferred from the charging instrument per *Kolton*, either. The state of mind required for attempted first degree murder, aggravated battery, and the remainder of petitioner's charged offenses is with intent to kill and intentionally and knowingly. Consciously disregarding a risk is inapposite to this.

> Consciously disregarding a risk cannot be inferred by petitioner's stalking his girlfriend for months, kidnapping her for several days, and then finally threatening his girlfriend and her mother's life in a church and then pointing and firing a gun at his girlfriend, who is now paralyzed from the waist down.

> The *Kolton* case does not further petitioner's position on the issue. The trial court decided, on the basis of the facts in petitioner's case, not to give the reckless conduct instruction. The appellate court affirmed the trial court's decision in petitioner's direct appeal, and as such the issue is barred by *res judicata*.

* * *

  It is further apparent that the petitioner has failed to demonstrate that any prejudice inured from the failure to assert this claim earlier. Had this claim been presented in the initial petition, there is scant probability that the petitioner would have prevailed. Thus, petitioner makes no showing that the absence of the claim now presented so infected the trial that his resulting conviction violated due process."

The circuit court concluded: "[T]he court finds that petitioner has failed to satisfy the cause and prejudice test set forth by the legislature. Accordingly, leave to file the instant petition is hereby denied."

On appeal, citing our decision in *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007), the appellate court correctly observed that section 122–1(f) of the Act prohibits the filing of a successive petition without first obtaining leave of court to do so. Referencing our opinion in *LaPointe*, 227 Ill. 2d at 44, the appellate court continued: "Since the statute expressly conditions leave to file on defendant's satisfaction of the cause and prejudice test, the court further ruled that a successive petition cannot be considered filed even if it was accepted by the clerk's office." From those premises, the appellate court concluded:

  "Here, the record shows, contrary to defendant's contention, that he did not expressly seek leave of court prior to filing his successive postconviction petition, and, thus failed to meet the statutory requirement that the request precede the filing. *LaPointe*, 227 Ill. 2d at 44-5; accord *People v. Wyles*, 383 Ill. App. 3d 271, 275-76 (2008); *Daniel*, 379 Ill. App. 3d at 750-51; *People v. DeBerry*, 372 Ill. App. 3d 1056, 1060 (2007). Accordingly, we find that the successive petition is not considered filed, and that this court may not consider the merits of the allegations raised therein." No. 1–07–0710 (unpublished order under Supreme Court Rule 23).

## ANALYSIS

The issue before us is one of statutory construction, and thus our review is *de novo*. *People v. Davison*, 233 Ill. 2d 30, 40 (2009). In construing a statute, our primary objective is to give effect to the intention of the General Assembly. *People v. Greer*, 212 Ill. 2d 192,

-4-

208 (2004). In this case, the evils sought to be remedied by section 122–1(f), and the goals to be achieved, are not open to question. As our appellate court aptly observed in *People v. Brockman*, 363 Ill. App. 3d 679 (2006), section 122–1(f) was clearly intended by the General Assembly to codify the cause-and-prejudice test adopted by this court in *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002), and thus evinces an intent to limit the filing of both successive and frivolous postconviction petitions. In pursuit of the latter objective, the legislature has also seen fit to enact section 22–105 of the Code of Civil Procedure. See *People v. Conick*, 232 Ill. 2d 132, 141 (2008) (purpose of section 22–105 is "to curb the large number of frivolous collateral pleadings filed by prisoners which adversely affect the efficient administration of justice, and to compensate the courts for the time and expense incurred in processing and disposing of them"). The questions presented in this case are purely procedural: whether a motion or request is required to obtain a ruling allowing or denying leave to file a successive postconviction petition under section 122–1(f), and whether a ruling rendered in the absence of a motion or request is subject to review in the appellate court. It is the legislature's intent in *that* regard that we must discern.

The best indicator of the legislature's intent is the language of the statute, which must be accorded its plain and ordinary meaning. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 26 (2005). Where the language of the statute is clear and unambiguous, this court will apply the statute as written without resort to aids of statutory construction. *In re R.L.S.*, 218 Ill. 2d 428, 433 (2006).

According to the terms of section 122–1(f), a defendant attempting to institute a successive postconviction proceeding, through the filing of a second or subsequent postconviction petition, must first obtain "leave of court." The statute informs us that "leave" may only be granted where defendant "demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122–1(f) (West 2006). No other procedural requirements are included in the statute. There is no mention of a prerequisite motion seeking "leave," nor even of an obligatory request. While the parties discuss the significance of a 2007 house bill that would have amended the statute to specifically require the filing of a motion seeking leave

(95th Ill. Gen. Assem., House Bill 3452) that measure was never voted out of a senate committee, and we give it no further consideration.

However, it is clearly defendant's burden under the statute to obtain "leave" of court before a successive postconviction petition may be "filed," so that further proceedings can follow. Therefore, it is incumbent upon defendant, by whatever means, to prompt the circuit court to consider whether "leave" should be granted, and obtain a ruling on that question, *i.e.*, a determination as to whether defendant has demonstrated cause and prejudice. In most cases, this *will* require a motion or request and an articulated argument in order to initiate court action, but that is not necessarily so.

"Leave of court" is defined in Black's Law Dictionary as "[j]udicial permission to follow a non-routine procedure." Black's Law Dictionary 974 (9th ed. 2009). "Leave" entails an act of the court permitting certain conduct or action by a litigant. It does not necessarily entail a request. To illustrate this point we note that federal courts of the Third Circuit Court of Appeals, in civil rights cases, commonly, *sua sponte* grant leave to amend complaints before dismissing same. See *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008); *Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 387 (E.D.N.Y. 2005) ("even if not requested by the Plaintiff, the Court may *sua sponte* grant leave to amend"). Recently, without a request from the parties, *this* court gave the parties in a pending action "leave" to file supplemental briefs addressing an issue we believed to be dispositive, but which the parties had not addressed. See Keener v. City of Herrin, No. 107658 (June 26, 2009) (order). Section 122–1(f) speaks to a required showing on the part of a defendant, and the necessity of action on the part of the circuit court, but it does not explicitly *or* necessarily mandate the filing of a motion as a prerequisite to, or the impetus for, court action. Thus, where as here a court is given the authority to grant leave, it *may* do so *sua sponte*, after finding satisfaction of the stated statutory criteria (here cause and prejudice); however, it is not *required* to act in the absence of a motion or request. Either way, until such time as leave is granted, a successive petition, though received or accepted by the circuit clerk, will not be considered "filed" for purposes of further proceedings

under the Act. This construction of the provisions of section 122–1(f) is in harmony with our decisions in *LaPointe* and *Conick.*

In *LaPointe*, the only issue before this court was whether docketing a successive petition for second-stage proceedings was required where the circuit court, within 90 days after the petition was "accepted" by the clerk's office (without a motion), failed to enter an order denying leave to "file" the petition. For purposes of the 90-day docketing provision, we held that a successive postconviction petition will not be considered "filed," as that term is used in the statute, until leave is granted; notwithstanding the circuit clerk's reception and acceptance of the petition. *LaPointe*, 227 Ill. 2d at 44.

In *Conick*, we construed section 122–1(f) of the Act as it relates to section 22–105 of the Code. As previously noted, both provisions serve similar purposes, *i.e.*, to limit the filing of successive and frivolous postconviction petitions. In *Conick*, defendant filed a third request for postconviction relief, styled "Pro Se Petitioner Leave to File Successive Petition For Post-Conviction Relief," along with supporting documentation. The circuit court reviewed defendant's filings and entered two orders. In the first order, the circuit court not only found the proffered successive postconviction petition failed to satisfy the applicable cause-and-prejudice requirements of section 122–1(f), but also deemed its claims "entirely lacking in merit." The court therefore denied defendant leave to file his successive petition. In the second order, the court assessed "$90 for filing a petition to vacate, modify or reconsider final judgment plus $15 in mailing fees," pursuant to section 22–105(a), because his proffered third petition "was frivolous and patently without merit." See *Conick*, 232 Ill. 2d at 135-36.

When the matter ultimately reached this court, we upheld the assessment under section 22–105(a) against defendant's contention that, because the circuit court had denied him leave to "file" his petition under section 122–1(f), there was "no petition, frivolous or not, *** 'filed' " for purposes of section 22–105. See *Conick*, 232 Ill. 2d at 138. In the course of our discussion in *Conick*, we characterized the document "filed" by defendant as a "hybrid motion and successive petition" and observed, in a footnote, "while we agree that the filing of a separate motion for leave to file a successive petition is preferred, we find that any technical imperfection in procedure in this case did

not hinder the trial court from performing its review under either section 122–1(f) of the Act or section 22–105 of the Code." *Conick*, 232 Ill. 2d at 140 n.2.

In *Conick*, we also found pertinent and significant the circumstances giving rise to a circuit court order denying leave to file a successive petition in *People v. Smith*, 383 Ill. App. 3d 1078 (2008). In that case, a section 2–1401 petition was filed by defendant after she had unsuccessfully sought postconviction relief in a prior proceeding. The circuit court recharacterized the section 2–1401 petition as a postconviction petition and summarily dismissed it as frivolous and patently without merit. The appellate court vacated that order and remanded with instructions to allow defendant an opportunity to withdraw or amend her *pro se* pleading. On remand, she chose the latter course, providing the court and the State with copies of her amended petition. She made no request for leave to file the petition. Despite that omission, the circuit court ruled upon her petition, denying her leave to file same, finding, *inter alia*, that the successive petition failed to satisfy the cause-and-prejudice test. The appellate court noted that defendant "did not seek specific leave to file her petition" but held that "the trial court's written order after remand implicitly acknowledged a request for leave and thus followed the requirements of section 122–1(f) before denying defendant leave to file for failing to satisfy the cause and prejudice test." Based upon that assessment, and the "unique procedural circumstances" of the case, the appellate court found there was "no violation of section 122–1(f) and that the defendant is entitled to a review of the trial court's order denying her leave to file a successive postconviction petition." *Smith*, 383 Ill. App. 3d at 1084.

What emerges from these three cases is a recognition that a successive postconviction petition is not considered "filed" for purposes of section 122–1(f), and further proceedings will not follow, until leave is granted, a determination dependent upon a defendant's satisfaction of the cause-and-prejudice test. There is also a commonsense acknowledgment that a defendant who submits a successive postconviction petition wants to "file" it and institute proceedings thereon. However, it is still defendant's burden to obtain leave, and he must submit enough in the way of documentation to allow a circuit court to make that determination. Certainly, no

separate motion seeking leave is mandated by section 122–1(f) in its current form, nor, as we have demonstrated, is an explicit request even required *if* the circuit court sees fit to consider the matter and rule of its own accord. We find that circuit courts have that authority under the statute. The discretionary exercise of that authority to a defendant's *benefit* in this situation is consistent–in logic and equity–with its exercise to a defendant's *detriment* when applying the provisions of section 22–105(a). See *Conick*, 232 Ill. 2d at 136-44 (no separate motion or "filed" document is necessary to support a circuit court's consideration of the document received and the imposition, under section 22–105, of fees and costs for frivolous petitions); *Smith*, 383 Ill. App. 3d at 1084 (no explicit request required to support a ruling on leave and the imposition of section 22–105 sanctions); *People v. Williams*, 394 Ill. App. 3d 236, 243 (2009) ("defendant's 'technical' violation of section 122–1(f) did not prevent the postconviction court from performing the review called for by section 122–1(f)," and the appellate court declined to affirm the circuit court's denial of leave on that basis).

In light of our holding regarding permissive consideration by the circuit court, we hold further, under the facts of this case, that there is no impediment or obstacle to appellate review of the ruling so rendered. Here, the circuit court entered a thorough and reasoned order, denying leave to file the successive postconviction petition, based upon the contents of the petition submitted. Pursuant to our holding, there was no jurisdictional bar to the circuit court's *sua sponte* ruling on the matter, and there is, consequently, no viable rationale for the appellate court's declination of review.

For the reasons stated, the judgment of the appellate court is hereby vacated and the cause is remanded to that court for review of the merits of the circuit court's ruling on cause and prejudice.

*Appellate court judgment vacated;*
*cause remanded.*

-9-