2022 IL App (1st) 211538

FOURTH DIVISION
Order filed: December 1, 2022

No. 1-21-1538

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 95 CR 24520 |
| | ) | |
| ERIC FORD, | ) | Honorable |
| | ) | Brian K. Flaherty |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment and opinion of the court.
Justices Rochford and Martin concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Eric Ford, appeals the second-stage dismissal of his successive petition for postconviction relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2020)). Because the circuit court failed to make the required cause-and-prejudice determination at the leave-to-file stage, we vacate the court's order dismissing the defendant's petition and remand for the court to conduct a cause-and-prejudice inquiry.

¶ 2    In 1998, the defendant was tried and convicted of first-degree murder for his role in the 1994 torture and killing of a member of a rival gang. The defendant was 18 years old at the time of the offense. Although he qualified for the death penalty, the trial court declined to impose it, noting that the defendant was young, had confessed to the crime, had cooperated with the police, and lacked a significant criminal record. Instead, the trial court sentenced the defendant to a discretionary 100-year prison sentence. The defendant appealed his judgment and sentence, and both this court and the supreme court affirmed. See *People v. Ford*, 198 Ill. 2d 68 (2001); *People v. Ford*, No. 1-99-0104 (May 18, 2000) (unpublished order under Supreme Court Rule 23). In 2004, the defendant filed a petition for postconviction relief under the Act, raising six claims for relief. The postconviction court denied the petition, and this court affirmed. See *People v. Ford*, 402 Ill. App. 3d 1185 (2010) (table) (unpublished order under Supreme Court Rule 23).

¶ 3    In August 2017, the defendant filed a motion for leave to file a successive petition for postconviction relief through which he sought to raise two new claims for relief related to his youthfulness at the time of the offense and argued that his sentence is unconstitutional under the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. The postconviction court "allowed" the petition, appointed counsel to represent the defendant, and advanced the petition to the second stage. It does not appear that the court entered any order finding that the defendant demonstrated cause for his failure to bring the claims in his initial postconviction proceeding and that prejudice results from that failure. Following two supplements and amendments, a motion to dismiss from the State, and a hearing at which it heard argument from the parties, the postconviction court dismissed the petition on the

merits, finding no constitutional violation concerning the defendant's sentence. This appeal follows.

¶ 4     In their respective briefs, the parties focus on the merits of the second-stage dismissal of the defendant's petition, but we observe a superseding error that precludes our consideration of their arguments. Section 122-1(f) of the Act provides that a defendant must obtain leave of the court to file a successive postconviction petition. And such leave "may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* Importantly for the present case, "the Act and our case law are clear that the circuit court must render a determination [as to] whether each individual claim contained within [the] petition meets the cause-and-prejudice test." *People v. Thames*, 2021 IL App (1st) 180071, ¶ 84. Indeed, "[w]ithout an express determination, the successive petition cannot be deemed 'filed' under the Act," and the petition cannot advance to the second stage. *Id.* ¶ 85 ("As this determination is a statutory requirement, we find the circuit court erred when it advanced the petition in its entirety to second-stage proceedings without making a cause-and-prejudice determination."); see also *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007) ("Because the statute expressly conditions leave to file on the petitioner's satisfaction of the cause-and-prejudice test, a second or successive petition cannot be considered filed [until the court expressly rules on cause and prejudice,] despite its having been previously accepted by the clerk's office.").

¶ 5     In this case, it appears that the postconviction court never issued an express ruling on the defendant's satisfaction of the cause-and-prejudice requirement. Instead, the certified record contains only a docket entry indicating that the court had "allowed" the petition. This procedure

of allowing the petition and advancing it to the second stage without an express ruling on cause and prejudice was improper, and the postconviction court was without authority to consider the merits of the petition, which technically still has not been "filed," without such a determination. See *Thames*, 2021 IL App (1st) 180071, ¶ 91 ("Without a [cause-and-prejudice] ruling on the claim in accordance with the Act, the successive postconviction petition is not deemed to be filed, and second-stage proceedings cannot commence."); *People v. Nowlan-McCue*, 2022 IL App (3d) 200112-U, ¶ 10 (unpublished order under Supreme Court Rule 23) (stating that, without a cause-and-prejudice determination, "the successive petition was never filed, and the circuit court should never have concerned itself with the merits of the successive petition").

¶ 6 Accordingly, although it was unbriefed by the parties, we view this error as clear and obvious and vacate the circuit court's ruling dismissing the defendant's successive petition. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994); see also *People v. Givens*, 237 Ill. 2d 311, 325 (2010) ("We agree with the general proposition that a reviewing court does not lack authority to address unbriefed issues and may do so in the appropriate case, *i.e.,* when a clear and obvious error exists in the trial court proceedings."). We remand with instructions for the circuit court to address the defendant's motion for leave to file and to conduct the appropriate cause-and-prejudice analysis. See *Thames*, 2021 IL App (1st) 180071, ¶ 95.

¶ 7 Vacated and remanded with instructions.

---

*People v. Ford*  2022 IL App (1st) 211538

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 95 CR 24520, Honorable Brian K. Flaherty Judge, presiding. |

| | |
|---|---|
| **Appellant Attorneys:** | JAMES E. CHADD, State Appellate Defender<br>DOUGLAS R. HOFF, Deputy Defender<br>JENNIFER L. BONTRAGER, Assistant Appellate Defender<br>Office of the State Appellate Defender<br>First Judicial District<br>203 N. LaSalle St., 24th Floor<br>Chicago, IL  60601<br>Phone: (312) 814-5472 |
| **Appellee Attorneys:** | Kimberly Foxx,<br>State's Attorney of Cook County<br>Enrique Abraham, Tasha-Marie Kelly,<br>Whitney Bond,<br>Assistant State's Attorneys – Of Counsel<br>Richard J. Daley Center, 3rd Floor<br>Chicago, IL  60602<br>Phone: (312) 603-5496 |