NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221092-U

NO. 4-22-1092

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 20, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| BRIAN E. CHRISMAN, | ) | No. 15CF218 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | ) | Judge Presiding. |

---

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice DeArmond and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed the trial court's dismissal of defendant's successive postconviction petition where defendant did not seek leave to file it and failed to submit documentation sufficient for the court to make a cause-and-prejudice determination.

¶ 2    Defendant, Brian E. Chrisman, appeals the November 21, 2022, order of the circuit court of Boone County dismissing his successive postconviction petition for his failure to seek leave to file the petition. Defendant argues the trial court erred in dismissing his petition without making cause-and-prejudice determinations as to each claim raised in the successive petition. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2019, a jury convicted defendant of 10 counts of predatory criminal sexual assault. The trial court sentenced defendant to seven and a half years in prison on each count, to

be served concurrently. On direct appeal, the Second District affirmed the convictions and sentence. *People v. Chrisman*, 2021 IL App (2d) 190529-U. On August 9, 2021, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On August 17, 2021, the trial court summarily dismissed the postconviction petition. On July 28, 2022, the Second District affirmed the summary dismissal. *People v. Chrisman*, 2022 IL App (2d) 210530-U.

¶ 5        On November 17, 2022, defendant, *pro se*, filed a successive postconviction petition alleging (1) a lack of evidence sufficient to sustain his convictions, and (2) ineffective assistance of counsel for failing to "stress" the lack of sufficient evidence. The petition was a preprinted form, and defendant's allegations consisted of two short, conclusory paragraphs. Defendant did not specify whether he was directing the ineffective-assistance-of-counsel claim against his trial counsel, his appellate counsel, or both. Defendant did not provide any factual support for his allegations. The petition was not supported by affidavits. Defendant did not file a motion for leave to file the successive petition or otherwise seek leave to file it. Defendant also filed a motion for appointment of counsel.

¶ 6        On November 21, 2022, the trial court issued a written order. The court found that "no motion for leave to file a successive petition was filed." The court dismissed the successive petition because defendant "has not obtained leave of court to file said petition."

¶ 7        This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9        Defendant contends the trial court erroneously believed a separate motion for leave to file the successive postconviction petition was necessary. Defendant argues the court was required to conduct a cause-and-prejudice analysis as to each of defendant's claims as a "condition

precedent" to dismissing the petition. Defendant requests that we vacate the dismissal and remand for the court to conduct such an analysis.

¶ 10 The Act provides a statutory remedy to defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Edwards*, 2012 IL 111711, ¶ 21. Only one postconviction proceeding is contemplated by the Act. 725 ILCS 5/122-1(f) (West 2022); *Edwards*, 2012 IL 111711, ¶ 22. Nevertheless, this bar is relaxed where the petitioner can establish cause and prejudice for the failure to raise the claim earlier. *Edwards*, 2012 IL 111711, ¶ 22.

¶ 11 A petitioner who seeks to file a successive postconviction petition must first obtain leave of court to do so. *Edwards*, 2012 IL 111711, ¶ 24. "Leave of court" entails an "act of the court permitting certain conduct or action by a litigant." *People v. Tidwell*, 236 Ill. 2d 150, 158 (2010). "Leave of court" does not "necessarily" presuppose a request. *Tidwell*, 236 Ill. 2d at 158. However, it is incumbent upon the petitioner, "by whatever means," to "prompt the circuit court to consider whether leave should be granted and obtain a ruling on [whether the defendant has demonstrated cause and prejudice]." (Internal quotation marks omitted.) *Edwards*, 2012 IL 111711, ¶ 24. A successive postconviction petition is not considered "filed" for purposes of section 122-1(f) of the Act, and further proceedings on the successive petition will not ensue, until leave of court to file such petition is granted. *Tidwell*, 236 Ill. 2d at 161.

¶ 12 Where the defendant has not sought leave to file a successive postconviction petition, the trial court nonetheless "*may* rule on a successive postconviction petition *** when documents submitted by a petitioner supply an adequate basis to determine whether the petitioner has sufficiently alleged cause and prejudice." (Emphasis added.) *People v. Sanders*, 2016 IL 118123, ¶ 25. However, the court is not "*required* to act in the absence of a motion or request."

- 3 -

(Emphasis in original.) *Tidwell* 236 Ill. 2d at 158. Our review is *de novo*. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 13　　　　Preliminarily, we address the State's brief. The State recasts defendant's procedural argument for remand thusly: "Defendant contends this court should remand the cause for reconsideration of defendant's successive postconviction filing." The State then launches into an examination of the trial evidence, arguing the record refutes defendant's claims of lack of evidence of penetration and ineffective assistance of counsel. The State then cites two cases for the general propositions of law that a defendant may file only one postconviction petition and must seek leave to file a successive petition. The State then argues, "Obviously, neither of defendant's assertions in his petition show cause or prejudice. Defendant's underlying claims have no merit, and, necessarily, trial counsel could not be ineffective for failing to raise meritless claims." The State contends, "Leave of court should be denied where it is clear from a review of the successive petition (here without documentation) that petitioner's claims fail[ ] as a matter of law." The State posits, "That is what happened in the instant case. The trial court denied leave of court when it was clear from a review of the successive petition that petitioner's claims failed as a matter of law."

¶ 14　　　　What we set forth above constitutes the State's entire argument. Defendant argues that by failing to answer his contentions or attempt to distinguish his cases, the State has forfeited any arguments responding to his opening brief. Not only does the State's brief fail to respond to defendant's arguments, it grossly misstates the trial court's ruling and the issues before us. The court did not deny leave to file the successive petition after it concluded from a review of the petition that defendant's claims fail as a matter of law. The court conducted no review of the successive petition. The court dismissed the successive petition without any review because, in the court's own words, "[defendant] has not obtained leave of court to file said petition."

¶ 15    Because the State's brief fails in any meaningful way to fulfill the purpose of an appellee's brief, we will proceed according to the principles announced in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976), as if no appellee's brief was filed. Where no appellee's brief is filed, we may (1) if justice requires, serve as an advocate for the appellee and search the record for the purpose of sustaining the trial court's judgment, (2) decide the merits of the appeal if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, or (3) reverse the trial court where the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief are supported in the record. *Talandis*, 63 Ill. 2d at 133. Here, the record pertaining to the dismissal of defendant's successive postconviction petition is simple and the claimed error is such that we can easily decide it without the aid of an appellee's brief. We note defendant's brief more than adequately sets forth the relevant statutes and cases and presents a cogent argument for reversal. Accordingly, we admonish the State that this court is not compelled to serve as its advocate. See *Frank v. Hawkins*, 383 Ill. App. 3d 799, 808 (2008) (stating a reviewing court is not compelled to serve as an advocate for the appellee and is not required to search the record to sustain the trial court's judgment).

¶ 16    Defendant argues we must vacate the dismissal of his successive petition and remand to the trial court because the court judged the petition by an improper standard of proof. Defendant relies on *In re D.T.*, 212 Ill. 2d 347, 366 (2004), where our supreme court remanded the matter to the trial court for a new best-interests hearing because the trial court applied the wrong constitutional standard to the evidence. Defendant also relies on *People v. Robinson*, 2021 IL App (1st) 171371, ¶ 58, where the court noted the appropriate remedy, when the trial court has judged

- 5 -

the evidence under an improper standard of proof, is to order the trial court to conduct a new hearing using the correct standard of proof.

¶ 17        Defendant further relies on *People v. Thames*, 2021 IL App (1st) 180071, *People v. Ford*, 2022 IL App (1st) 211538, and *Tidwell* for the proposition that the trial court erred in dismissing defendant's successive petition without first making a cause-and-prejudice determination.

¶ 18        In *Thames*, the defendant filed a motion for leave to file a second successive petition. *Thames*, 2021 IL App (1st) 180071, ¶ 61. The defendant attached two affidavits to the motion that factually supported his successive postconviction claim. *Thames*, 2021 IL App (1st) 180071, ¶ 62. The trial court did not make a cause-and-prejudice determination but instead concluded that the defendant's allegations failed to make a substantial showing of a constitutional violation warranting postconviction relief. *Thames*, 2021 IL App (1st) 180071, ¶ 72. The appellate court held that it had no jurisdiction to determine whether the defendant's motion for leave to file the second successive postconviction petition should be allowed, as the trial court made no ruling on whether the defendant's claim met the cause-and-prejudice test. *Thames*, 2021 IL App (1st) 180071, ¶ 95. Thus, the appellate court remanded the matter to the trial court to conduct an analysis as to whether the defendant's motion satisfied the cause-and-prejudice test. *Thames*, 2021 IL App (1st) 180071, ¶ 95. *Thames* is inapposite, as the defendant there filed a motion for leave to file a successive postconviction petition and factually supported his proposed successive petition with affidavits. Here, defendant made one-sentence, conclusory statements unsupported by any factual allegations or affidavits. Although defendant asserts that he sought leave to file the successive petition, the record demonstrates he did not. We note defendant cites to no page in the record supporting his assertion that he sought leave.

¶ 19          *Ford* is also inapposite. In *Ford*, the defendant filed a motion for leave to file a successive postconviction petition. *Ford*, 2022 IL App (1st) 211538, ¶ 3. The trial court allowed the motion without conducting a cause-and-prejudice analysis and advanced the successive petition to the second stage. *Ford*, 2022 IL App (1st) 211538, ¶ 3. The court then dismissed the successive petition on the merits. *Ford*, 2022 IL App (1st) 211538, ¶ 3. The appellate court declined to reach the merits and held the trial court was without authority to rule on the merits without first making an express ruling on cause and prejudice. *Ford*, 2022 IL App (1st) 211538, ¶ 5. Like *Thames*, *Ford* involved facts not present here, namely, that the defendant filed a motion for leave to file the successive petition.

¶ 20          Where, as here, a defendant does not file a motion for leave to file a successive postconviction petition or otherwise make a request for leave to file it, our supreme court instructs that the trial court *may*—but is not obliged to—rule on the successive petition when "documents submitted by a petitioner supply an adequate basis to determine whether the petitioner has sufficiently alleged cause and prejudice." *Sanders*, 2016 IL 118123, ¶¶ 25, 27. *Sanders* followed *Tidwell*, where our supreme court held that where the defendant does not formally or otherwise request leave to file a successive petition, he or she must submit enough documentation to permit the trial court to make a cause-and-prejudice determination. *Tidwell*, 236 Ill. 2d at 161. The court reiterated that standard in *Edwards*. *Edwards*, 2012 IL 111711, ¶ 24.

¶ 21          Here, defendant's successive petition did not include a request for leave to file it, nor did defendant make such a request orally. Nor did defendant indicate any other manner by which he was seeking leave to file the successive petition. Thus, the trial court had discretion to grant leave to file a successive petition (*Sanders*, 2016 IL 118123, ¶ 27), but only if defendant submitted sufficient documentation allowing the court to make a cause-and-prejudice

determination. *Sanders*, 2016 IL 118123, ¶ 25. "Cause" refers to "any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial [postconviction] proceeding." *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002). "Prejudice" occurs where the petitioner is denied consideration of an error that "so infected the entire trial that the resulting conviction or sentence violates due process." *Pitsonbarger*, 205 Ill. 2d at 464.

¶ 22 Defendant's submission consisted of two paragraphs. Paragraph 1 stated: "There was no evidence found of penetration. In fact there was no evidence at all other than hear say [*sic*]." Paragraph 2 stated: "Lawyer was ineffective for not stressing the facts stated above, rendering [defendant] without due process of law." Defendant made no attempt to show why these issues could not have been raised on direct appeal or in his initial postconviction petition, or how failure to consider them would deprive him of due process. Consequently, we hold that, under *Sanders*, the trial court properly exercised its discretion to dismiss the successive petition.

¶ 23 Even if the trial court erroneously believed defendant was required to file a separate motion for leave to file the successive petition, we review the court's judgment rather than its reasoning, and we may affirm on any basis supported by the record if the judgment is correct. *People v. Munz*, 2021 IL App (2d) 180873, ¶ 27. Accordingly, we affirm the judgment.

¶ 24 III. CONCLUSION

¶ 25 For the reasons stated, we affirm the trial court's judgment.

¶ 26 Affirmed.