2023 IL App (1st) 211088-U

No. 1-21-1088

Order filed October 20, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 13718 |
| | ) | |
| MARLON SINGLETON, | ) | Honorable |
| | ) | Thomas Joseph Hennelly, |
| Petitioner-Appellant. | ) | Judge presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Navarro concur in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's dismissal of defendant's successive post-conviction petition is affirmed where the circuit court's procedural violations of the Post-Conviction Hearing Act failed to cause defendant any harm.

¶ 2    Defendant Marlon Singleton appeals the second-stage dismissal of his successive petition for post-conviction relief under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2022). The sole issue presented is whether the circuit court's second-stage dismissal of defendant's successive post-conviction petition should be reversed because the circuit court failed to make initial independent cause and prejudice determinations regarding the majority of defendant's claims. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2001, a jury found defendant Marlon Singleton guilty of aggravated criminal sexual assault and armed robbery. Defendant was sentenced to consecutive sentences of 58 and 30 years in prison. On appeal, defendant's conviction and sentence were affirmed. *People v. Singleton*, 336 Ill. App. 3d 1051 (2002). Leave to appeal was denied by the Illinois Supreme Court. *People v. Singleton*, 203 Ill. 2d 566 (2003).

¶ 5    In 2003, defendant filed a *pro se* petition for post-conviction relief. The 33-count petition alleged that the trial judge made several procedural, substantive, and evidentiary errors; that defendant's trial and appellate counsel were constitutionally ineffective; and that the prosecutors committed misconduct. The circuit court dismissed defendant's petition as frivolous and patently without merit, and the appellate court affirmed. *People v. Singleton*, 361 Ill. App. 3d 1091 (2005). Defendant filed two petitions for leave to appeal to the Illinois Supreme Court, both of which were denied. *People v. Singleton*, 216 Ill. 2d 725 (2005); *People v. Singleton*, 218 Ill. 2d 554 (2006). In 2006, defendant filed a *pro se* motion for leave to file a successive post-conviction petition which the circuit court denied. In the following years defendant filed a variety of other *pro se* motions, all of which the circuit court denied.

¶ 6    In July 2011, defendant filed a *pro se* motion for leave to file a successive post-conviction petition, along with the successive petition itself. Defendant sought leave to file the following eight claims based on the alleged denial of his due process and equal protection rights:

  (1) The State knowingly used perjured testimony of victim C.C. that defendant took her black leather coat during the armed robbery. Defendant alleged that this claim was supported by newly discovered evidence that the State was in possession of the jacket.

(2) The State committed a *Brady* violation when it did not inform the defense that it was in possession of the leather jacket and therefore defendant's armed robbery sentence is void.

(3) Because defendant was indicted, convicted and sentenced for armed robbery of C.C.'s jacket and the State possessed that jacket, his armed robbery sentence is void.

(4) The State committed a *Brady* violation by failing to disclose C.C.'s criminal history prior to her trial testimony, and defendant's appellate counsel was ineffective for failing to present this evidence.

(5) Defendant was sentenced to an extended term based on a prior conviction which occurred over 10 years prior which therefore means that his extended term sentence is void.

(6) Defendant's Class X sentences are void because the legislative procedure enacting Public Act 80-1099 was unconstitutional due to intimidation and threats made to the General Assembly by the Governor.

(7) Defendant's armed robbery sentence is void because it was a lesser included offense in his sentence for aggravated criminal sexual assault.

(8) The trial court erred in waiting to rule on the admissibility of defendant's prior conviction until after he testified, in violation of *People v. Patrick*, 233 Ill. 2d 62 (2009), which announced a new rule.

¶ 7    In November 2011, the circuit court granted defendant leave to file his petition, appointed counsel for defendant, and allowed his successive post-conviction petition to advance to the second stage of proceedings under the Post-Conviction Hearing Act. When asked by the State whether defendant had met the cause and prejudice standard under the Act, the circuit court stated that

defendant had met the standard for his first three claims and had not met the standard for his fourth claim. The circuit court did not comment on defendant's remaining claims in the petition.

¶ 8    In 2013, after defendant had been appointed counsel for his second stage proceedings, he mailed a "Motion for Leave to Amend *Pro Se* Successive Petition for Post-Conviction Relief," which was not file-stamped. In his 2013 motion, defendant argued that under *Alleyne v. United States*, 570 U.S. 99 (2013), which he asserted applies retroactively, the basis for his extended term sentence needed to be submitted to the jury to decide whether that sentencing factor was proven at trial. He argued that the failure of the trial court to do this violated his sixth amendment right to trial by jury and his fourteenth amendment right to notice through grand jury. He argued that if the jurors had been presented with his prior conviction, they would have realized that it fell outside the 10-year time limit and therefore could not be used to enhance his sentence.

¶ 9    In 2016, defendant filed a *pro se* "Motion to Supplement Post-Conviction Petition", which asserted several additional claims, including that a trial witness had committed perjury. In 2017, defendant's appointed counsel retired and the case was continued several times over eight months until a new attorney was assigned to represent defendant. During this period, defendant filed a *pro se* "Amended Petition for Post-Conviction Relief" in which he asserted additional claims that the State committed prosecutorial misconduct and that two witnesses committed perjury. In 2020, defendant's new appointed counsel filed an amendment to defendant's 2017 *pro se* petition that attached two affidavits from a witness but did not raise any new claims. Later that year, appointed counsel filed a signed Rule 651(c) certificate.

¶ 10    In 2021, the State filed a motion to dismiss defendant's successive post-conviction petition, which addressed the pleadings filed by defendant in 2011, 2013, 2016, and 2017. The State argued

that defendant's claims failed to show cause and prejudice, were barred by *res judicata* or forfeited, and that defendant had not made a substantial showing of any constitutional violations that would warrant an evidentiary hearing. The circuit court granted the State's motion dismiss. This timely appeal followed. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); R. 606 (eff. Mar. 12, 2021).

¶ 11                                    II. ANALYSIS

¶ 12    Defendant argues that the circuit court failed to make the required initial independent cause and prejudice determinations for most of defendant's claims, and only made cause and prejudice determinations regarding those claims after the State had filed its motion to dismiss. Therefore, defendant argues that the State's motion impermissibly influenced the circuit's court conclusion that defendant had not shown cause and prejudice. He urges that we reverse and remand this matter to the circuit court for an independent cause and prejudice determination of all of defendant's claims by a different judge. The State argues that the circuit court's second stage dismissal of defendant's successive post-conviction petitions did not violate the Post-Conviction Hearing Act, and that even if we find that a technical error was committed, we should affirm the dismissal on the merits in the interest of judicial economy. *People v. Lusby*, 2020 IL 124046, ¶ 29; *People v. Bailey*, 2017 IL 121450, ¶¶ 42-49. The dismissal of a successive post-conviction petition without a third-stage evidentiary hearing is reviewed *de novo*. *People v. Thames*, 2021 IL App (1st) 180071, ¶ 80.

¶ 13    The Post-Conviction Hearing Act allows an incarcerated defendant to challenge his conviction by asserting that during the proceedings which resulted in his conviction there was a substantial denial of the defendant's constitutional rights. 725 ILCS 5/122-1 (West 2022). The act sets forth a three-stage process for adjudicating the defendant's claims. *Bailey*, 2017 IL 121450, ¶

18. At the first stage, the circuit court must independently review the petition within 90 days of its filing and determine whether the petition is either "frivolous or patently without merit". *Id.*; 725 ILCS 5/122-2.1 (West 2022). If the petition is not dismissed for being frivolous or patently without merit, it advances to the second stage of proceedings. *People v. Allen*, 2015 IL 113135, ¶ 21. In the second stage, the defendant may be appointed counsel, who then has the opportunity to supplement or amend the petition. *Bailey*, 2017 IL 121450, ¶ 18; 725 ILCS 5/122-4 (West 2022). At the second stage, "the defendant bears the burden of making a substantial showing of a constitutional violation." *Allen*, 2015 IL 113135, ¶ 21. The State must either move to dismiss the defendant's petition or file an answer to defendant's claims. 725 ILCS 5/122-5 (West 2022). In adjudicating the State's motion to dismiss, the circuit court must determine if "the defendant and any accompanying documentation make a substantial showing of a constitutional violation." *Bailey*, 2017 IL 121450, ¶ 18. If the circuit court determines that the defendant has made a substantial showing of a constitutional violation, then the petition advances to the third stage for an evidentiary hearing. *Thames*, 2021 IL App (1st) 180071, ¶ 76.

¶ 14   The Act gives each defendant the right to file one post-conviction petition. 725 ILCS 5/122-1(f) (West 2022). Generally, any claims of substantial denial of constitutional rights that are not raised in the first petition are waived. 725 ILCS 5/122-3 (West 2022). The defendant must receive leave of court to file a successive post-conviction petition. 725 ILCS 5/122-1(f) (West 2022). The Illinois Supreme Court has only recognized two exceptions where, for reasons of fundamental fairness, the bar against successive petitions is lifted and the defendant may seek leave of court to file a successive post-conviction petition. *People v. Taliani*, 2021 IL 125891, ¶ 55. There is a judicially recognized "fundamental miscarriage of justice" exception which requires the defendant

to make a persuasive, free standing showing of actual innocence based on newly discovered evidence. *Id.* There is also a "cause and prejudice" exception, which is codified in the Act. *Id.*; 725 ILCS 5/122-1(f) (West 2022). Under this exception, leave of court may only be granted if "a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2022). A defendant shows cause by "identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings" and shows prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2022). "Section 122–1(f) does not provide that a petitioner is entitled to relief upon satisfaction of the cause-and-prejudice test. It only gives a petitioner an avenue for filing a successive postconviction petition." *People v. Smith*, 2014 IL 115946, ¶ 29.

¶ 15    The initial cause and prejudice determination is made by the circuit court independently on the pleadings prior to the first stage of postconviction proceedings. *Bailey*, 2017 IL 121450, ¶ 23. The court may grant the defendant leave to file his successive post-conviction petition if the defendant makes a *prima facie* showing of cause and prejudice based on the pleadings and supporting documentation. *Id.* ¶ 24. The cause and prejudice test is a more demanding standard than the frivolous or patently without merit standard used in the first stage of proceedings for initial post-conviction petitions. *Smith*, 2014 IL 115946, ¶ 35. The State cannot participate in the circuit court's initial cause and prejudice determination. *Bailey*, 2017 IL 121450, ¶ 24. If the circuit court determines that a *prima facie* showing of cause and prejudice has been made and allows the successive petition to be filed, then the petition advances to the three-stage process under the Act.

*Id.* ¶ 26. "At that point, since the filed successive petition has already satisfied a higher standard, the first stage is rendered unnecessary, and the successive petition is docketed directly for second-stage proceedings." *Thames*, 2021 IL App (1st) 180071, ¶ 78. At the second stage, the State may seek to dismiss the petition on any ground, which includes the defendant's failure to demonstrate cause and prejudice. *Bailey*, 2017 IL 121450, ¶ 26.

¶ 16     Did the circuit court violate the Act's procedures by granting the State's motion to dismiss? In the November 2011 hearing, the circuit court granted defendant leave to file his 2011 successive post-conviction petition and advanced defendant's petition to the second stage. The parties agree that during the November 2011 hearing, the circuit court made an initial independent cause and prejudice determination for defendant's claims related to the leather jacket and C.C.'s criminal history (claims 1-4) stating that defendant had satisfied cause and prejudice for claims 1-3 but failed to satisfy cause for claim 4. The parties also agree that the circuit court did not address whether claims 5-8 in defendant's petition satisfied cause and prejudice. There is no indication in the record that the circuit court made any independent cause and prejudice determination for the claims within defendant's 2013, 2016, and 2017 pleadings.

¶ 17     Defendant argues that the circuit court erred because it granted the State's motion to dismiss without having made an initial independent cause and prejudice determination for most of defendant's claims. Defendant asserts that this was error under *People v. Bailey*, in which the Illinois Supreme Court held that allowing the State to participate in the circuit court's initial cause and prejudice determination violates the Act. *Bailey*, 2017 IL 121450, ¶¶ 20-25 ("[W]e now hold that the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings.").

¶ 18 Here, there is no evidence that the State impermissibly participated in the November 2011 hearing. Defendant is arguing that a *Bailey* error occurred indirectly because the circuit court never made an independent cause and prejudice determination for most of defendant's claims before ruling on the State's motion to dismiss in the second stage of proceedings. However, we decline to stretch *Bailey*'s holding to a situation where the State has not improperly participated in the initial proceedings. When it granted the State's motion to dismiss in 2021, the circuit court's decision was clearly influenced by the State's motion. However, during the second stage of proceedings, the State is allowed to seek dismissal of a defendant's petition for failure to satisfy cause and prejudice, as it has done so here. *Id.* ¶ 26.

¶ 19 Under the Act, the circuit court must determine whether each individual claim in the petition satisfies the cause and prejudice test, not just if the petition as a whole satisfies cause and prejudice. *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002) ("the cause-and-prejudice test must be applied to individual claims, not to the petition as a whole."); *Thames*, 2021 IL App (1st) 180071, ¶ 84. A technical violation of the Act occurred when the circuit court allowed defendant's successive post-conviction petition to enter second stage proceedings without determining whether defendant had made a *prima facie* showing of cause and prejudice for claims 5-8. *Thames*, 2021 IL App (1st) 180071, ¶ 84; *People v. Ford*, 2022 IL App (1st) 211538, ¶¶ 4-5. Similarly, technical violations under the Act also occurred when the circuit court failed to make initial cause and prejudice determinations for the claims within defendant's 2013, 2016, and 2017 pleadings. *Pitsonbarger*, 205 Ill. 2d at 462; *Thames*, 2021 IL App (1st) 180071, ¶ 84.

¶ 20 Defendant argues that, due to the technical violations of the Act, we should reverse and remand this matter to the circuit court for an independent cause and prejudice determination as to

all of defendant's claims by a different judge. *People v. Smith*, 2020 IL App (3d) 170666, ¶ 11. However, defendant fails to show that he was harmed. *Lyon v. Department of Children & Family Services*, 335 Ill. App. 3d 376, 385 (2002) (a party "cannot receive a windfall from a procedural violation that apparently caused him no actual harm."). Even if the court had made independent cause and prejudice determinations for all of defendant's claims, the best possible outcome for defendant was exactly what occurred here: the advancement of all defendant's claims to the second stage. If anything, the technical violations benefitted defendant rather than harmed him, since the court advanced defendant's fourth claim to the second stage despite stating that defendant had not shown cause for that claim.

¶ 21 Defendant's claimed authority for ordering a remand is readily distinguishable because in those cases the circuit court made no independent determination regarding *any* claim, thus creating a jurisdictional bar. In *Thames*, 2021 IL App (1st) 180071, ¶¶ 85, 91, the appellate court held that, without an express cause and prejudice determination by the trial court, a successive post-conviction petition is not considered to have been "filed" for second stage proceedings under the Act and thus the appellate court had no jurisdiction. In *Ford*, the court reversed and remanded to the circuit court for the exact same reason. 2022 IL App (1st) 211538, ¶¶ 4-6. Here the circuit court did make an initial cause and prejudice determination for defendant's first four claims, and thus defendant's successive post-conviction petition was properly filed for second stage proceedings under the Act.

¶ 22                                III. CONCLUSION

¶ 23 For all these reasons, the judgment of the circuit court is affirmed.

¶ 24 Affirmed.