**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230625-U

Order filed November 14, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0625 Circuit No. 13-CF-128 |
| | ) | |
| JONATHAN D. WADE, | ) ) | Honorable Kara M. Bartucci, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court failed to follow the procedure required under the Post-Conviction Hearing Act when it did not issue an express ruling for cause and prejudice on defendant's motion for leave to file his successive postconviction petition. Vacated and remanded with directions.

¶ 2    Defendant, Jonathan D. Wade, appeals the circuit court's third-stage denial of his successive postconviction petition. Specifically, defendant contends the court improperly denied his petition because he sufficiently established the claim of ineffective assistance of trial counsel requiring remand. We vacate and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4          In July 2013, a jury convicted defendant of attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2012)) and aggravated battery with a firearm (*id.* § 12-3.05(e)(1)). The court sentenced defendant to 32 years' imprisonment. We affirmed defendant's convictions and sentence on direct appeal. *People v. Wade*, 2015 IL App (3d) 130780, ¶ 37.

¶ 5          In August 2016, defendant petitioned for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). He alleged, among other claims, his appellate counsel was ineffective in failing to challenge the State's improper comments during closing argument. The court summarily dismissed the petition. We affirmed. *People v. Wade*, 2019 IL App (3d) 160681-U, ¶ 22.

¶ 6          On August 14, 2018, defendant moved for leave to file a successive postconviction petition, which is the subject of this appeal. Among other claims, defendant relied on *Lafler v. Cooper*, 566 U.S. 156, 168, 174 (2012), and argued trial counsel provided ineffective assistance by advising defendant to reject the State's plea offers of 17 and 12 years' imprisonment because he was ineligible for a firearm enhancement and would receive a lesser sentence after a trial. Following counsel's advice, defendant rejected the offers, was found guilty at trial, and sentenced to 32 years' imprisonment, consisting of 7 years plus a 25-year firearm enhancement. Defendant asserted he had established cause for failing to bring his claims earlier. Specifically, defendant acknowledged *Lafler* was published in 2012, well before his 2016 petition, but claimed he did not have access to any cases published after 2003 and had a medical condition that affected his vision and impeded his ability to raise the issue earlier.

¶ 7          On January 25, 2019, notice of appointment of the public defender was filed. On April 11, 2019, counsel informed the court that defendant had filed a *pro se* motion for leave to file a

successive postconviction petition and requested time to review defendant's pleadings. The matter was continued several times at counsel's request to review and potentially amend defendant's *pro se* motion for leave.

¶ 8        Defendant's case was reassigned, and he was represented by a different assistant public defender in front of a new judge. On February 23, 2021, the court observed that defendant's *pro se* motion for leave had been continued several times and "nothing [was] done." Initially, the court thought defendant's motion had been granted, but then stated, "No, it was just continued for another date so the—the oral motion to file a successive post-conviction petition was never granted." The court allowed counsel more time to review defendant's motion.

¶ 9        On March 29, 2021, counsel asserted defendant's motion for leave had been granted on January 22, 2019, and the petition was presently at the second stage. The State asserted the court had yet to grant defendant leave to file his successive petition. Counsel responded, "We are in stage three ***." The court briefly reviewed the prior proceedings and then stated that on January 22, 2019, a prior judge "granted this leave to file a successful [*sic*] post-conviction petition" and on February 23, 2021, "Defendant's oral motion for leave to file post-conviction petition is made and allowed in open court," and concluded the matter was at the second stage.

¶ 10        On September 22, 2021, counsel filed a motion to continue, stating "counsel for [defendant] has realized that this Court has not granted Leave to file successive petition and requests Court to grant Leave based on [defendant's] *Pro-Se* Petition filed August 14, 2018." In court, counsel and the State indicated that on January 22, 2019, defendant's motion for leave to file his successive petition was granted. Specifically, counsel asserted the docket entry stated, "it

was granted and then it says motion for leave."[1] The court continued the matter for counsel to file an amended petition.

¶ 11 On November 19, 2021, counsel filed an amended successive postconviction petition. The petition asserted, among other claims, trial counsel was ineffective when counsel improperly advised defendant he was not eligible for the 25-year firearm enhancement. Relying on counsel's advice, defendant proceeded to trial, resulting in his convictions for attempted first degree murder and aggravated battery with a firearm and a 32-year prison sentence, which included a 25-year firearm enhancement.

¶ 12 The State moved to dismiss. The State in part argued defendant's claims were barred by *res judicata* because defendant could have raised the claims at an earlier proceeding but failed to do so and, for the same reasons, defendant's petition failed to satisfy the cause and prejudice test required for a successive postconviction petition. After a hearing, the court denied the State's motion, stating, "Reviewing the documents that the Court has I will show that it is in the interest of justice with regards to allegations of ineffective assistance of counsel" to allow the petition to proceed to a third-stage evidentiary hearing.

¶ 13 In April 2023, the court observed there had been "a lot of confusion with this process" and reset the matter for a third-stage evidentiary hearing. The matter proceeded to an evidentiary hearing in August 2023. Counsel presented the testimony of defendant, his codefendant, and his trial attorney. Ultimately, the court denied defendant's petition. The court also denied defendant's motion to reconsider, and this appeal followed.

¶ 14                                    II. ANALYSIS

---

[1]No such docket entry is contained in the record.

¶ 15    On appeal, defendant argues the circuit court erred in denying his third-stage successive postconviction petition, where he sufficiently established the ineffective assistance of counsel during plea negotiations.The Act provides a method for criminal defendants to assert that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution." 725 ILCS 5/122-1(a)(1) (West 2018). The Act contemplates the filing of a single petition: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *Id.* § 122-3. Section 122-1(f) of the Act provides an exception to this rule, permitting a successive petition, but only if defendant first obtains leave of the court by making a *prima facie* showing of cause and prejudice for not having raised the claims of error in his initial postconviction petition. *Id.* § 122-1(f); *People v. Bailey*, 2017 IL 121450, ¶ 24.

¶ 16    "[T]he cause-and-prejudice test for a successive petition involves a higher standard than the first-stage frivolous or patently without merit standard that is set forth in section 122-2.1(a)(2) of the Act." *People v. Smith*, 2014 IL 115946, ¶ 35. The finding of cause and prejudice is a statutory prerequisite for the filing of a successive postconviction petition. See *People v. Nowlan-McCue*, 2022 IL App (3d) 200112-U, ¶ 10. Thus, a procedure that allows advancing a successive petition "to the second stage without an express ruling on cause and prejudice [is] improper." *People v. Ford*, 2022 IL App (1st) 211538, ¶ 5; see *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007). When no express finding of cause and prejudice has occurred, the court is "without authority to consider the merits of the petition, which technically still has not been 'filed.' " *Ford*, 2022 IL App (1st) 211538, ¶ 5; see *People v. Thames*, 2021 IL App (1st) 180071, ¶¶ 84-85 (holding that without an express cause and prejudice ruling, the successive petition is not deemed filed and second-stage proceedings cannot commence). Moreover, "it is incumbent upon defendant *** to prompt the

circuit court to consider whether 'leave' should be granted, and obtain a ruling on that question, *i.e.*, a determination as to whether defendant has demonstrated cause and prejudice." *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). If a defendant fails to obtain leave of court by demonstrating cause and prejudice, the court should dismiss the successive postconviction petition, and reviewing courts should not consider the merits of the petition. *People v. DeBerry*, 372 Ill. App. 3d 1056, 1060 (2007); see *People v. LaPointe*, 365 Ill. App. 3d 914, 921 (2006) ("until the trial court grants such leave [to a defendant under section 122-1(f) of the Act], a second or subsequent petition is not properly on file and may not be considered on its merits").

¶ 17      In the present case, the record is devoid of any express finding of cause and prejudice to allow the filing of defendant's successive postconviction petition. Throughout the proceedings, the parties and the court appeared to be confused as to where they were in the proceedings and the required findings. In fact, it appears the parties assumed leave had been granted. Since there is no express indication in the record to support that the court made the requisite cause and prejudice finding and granted defendant leave to file, the statutory prerequisite for the filing of a successive petition was never met and defendant's petition cannot be considered filed. See *LaPointe*, 227 Ill. 2d at 44; *Nowlan-McCue*, 2022 IL App (3d) 200112-U, ¶ 10; *Ford*, 2022 IL App (1st) 211538, ¶ 5; *Thames*, 2021 IL App (1st) 180071, ¶¶ 84-85. Accordingly, the successive petition was never filed and the circuit court should not have proceeded to a second stage, or third-stage evidentiary hearing dealing with the merits of the petition. See *LaPointe*, 365 Ill. App. 3d at 921.

¶ 18      We reject defendant's contention that references to a docket entry from January 22, 2019, or the court's later finding that leave had been granted are sufficient evidence in the record to implicitly show the court made the express finding of the requisite cause and prejudice. As noted above, express findings as to cause and prejudice are required. To the extent these findings were

explicitly made, they are not contained in the record before us. We find the circuit court's omission of an express finding of cause and prejudice requires us to vacate the court's third-stage denial of defendant's successive postconviction petition and remand the cause for the court to address defendant's motion for leave to file his successive postconviction petition and conduct the required cause-and-prejudice analysis. See *Ford*, 2022 IL App (1st) 211538, ¶ 6.

¶ 19                                              III. CONCLUSION

¶ 20        For the reasons stated, we vacate the judgment of the circuit court of Kankakee County and remand with directions.

¶ 21        Vacated and remanded with directions.